

U.S. Department of Justice

United States Attorney
Eastern District of New York

JJD:JLG
F. #2015R01885

610 Federal Plaza
Central Islip, New York 11722

March 8, 2019

By E-mail

Larry H. Krantz
lkrantz@krantzberman.com

Bradley Gershel
gershelb@ballardspahr.com

Alan M. Vinegrad
avinegrad@cov.com

Erin K. Monju
emonju@cov.com

      Re:   United States v. Christopher McPartland and Thomas J. Spota
            Criminal Docket No. 17-587 (JMA)

Dear Counsel:

      Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the government hereby provides notice that it may call Special Agent John C. Hauger, Jr., of the Federal Bureau of Investigation ("FBI"), as an expert witness at trial.[1]  Furthermore, as set forth below, the government hereby demands reciprocal expert notice, pursuant to Rule 16(b)(1)(C), and alibi notice pursuant to Fed. R. Crim. P. 12.1(a).

---

[1] In its November 22, 2017 discovery letter, the government previously informed you that it anticipated "calling an expert at trial to testify about various cell site communications and location data, including: the engineering and operation of cell site technology, specifically, the design of cell sites and cell phone towers; how cellular telephones communicate with cell phone towers; and how cell site data can be used to determine the geographical location of a cellular phone."  This letter is submitted to supplement that expert notice.

### I. Special Agent Hauger's Cellsite Testimony

The government provides notice that Special Agent Hauger of the FBI's Cellular Analysis Survey Team ("CAST") will testify in the government's direct case. While the government does not consider all of the expected testimony of Special Agent Hauger to constitute expert testimony under Federal Rules of Evidence 702, 703, or 705, we are nonetheless providing this notice out of an abundance of caution, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

The government expects Special Agent Hauger would testify regarding analysis of toll records, that is, a record of the incoming and outgoing calls, and direct connect calls, and of the originating and terminating cell site information (information that identifies the antenna tower receiving transmissions from a cellphone), for various cellphones for the timeframe surrounding certain meetings and events which form the narrative of the charged conduct, including, but not limited to, the following: (1) a meeting occurring on or about August 17, 2015 at or in the vicinity of St. Patrick's R.C. Church of Smithtown, New York; (2) a wake occurring on or about October 14, 2015 at or in the vicinity of McCourt & Trudden Funeral Home, Inc. in Farmingdale, New York; and (3) a meeting occurring on or about November 11, 2015 at or in the vicinity of the Golden Dynasty Restaurant in St. James, New York. The cellphone numbers about which Special Agent Hauger would testify include, but are not limited to, the following: (631) 433-8258, (631) 384-2653, (631) 312-6143, (631) 484-1313, (631) 764-9336, (631) 774-5920, (631) 774-6017, (631) 831-7802, (631) 925-8181, (631) 942-7175. The underlying cell site information has previously been provided to you in Rule 16 discovery.

A copy of Special Agent Hauger's curriculum vitae is included herewith.

### II. Demand for Reciprocal Expert Notice

Pursuant to Rule 16(b)(1)(C), the government hereby demands reciprocal notice regarding any expert witness(es) that either of the defendants intends to rely upon, including a written summary of any testimony that either of the defendants intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. See Fed. R. Crim. P. 16(b)(1)(C)(i). Such summary shall include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The government also repeats its request for reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendants' possession, custody or control, and which the defendants intend to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendants' possession or control, and which the defendants intend to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendants intend to call at trial.

The government further requests that the defendants disclose prior statements of witnesses they will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendants with 3500 material relating to government witnesses.

Lastly, pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice if either of the defendants intends to offer evidence relating to an alibi defense with respect to any of the charged counts.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
John J. Durham
Lara Treinis Gatz
Justina L. Geraci
Assistant U.S. Attorneys
(631) 715-7851/-7913/-7835

cc: Clerk of the Court (JMA) (By ECF, without enclosure)