**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

October 10, 2019

**BY ECF – FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *United States v. Christopher McPartland, et al.*, 17-cr-0587 (JMA)

Dear Judge Azrack:

We submit this letter on behalf of defendants Christopher McPartland and Thomas Spota to apprise the Court of a time-sensitive and important issue that has come to light in connection with the trial of the above-referenced matter.

The issue arose only last Wednesday, October 2, when defense counsel learned through conversation with the government (just before the status conference) that AUSA Nicole Boeckmann had joined the trial team. While a change of government counsel would ordinarily be of no particular moment, this change is of greater concern because Ms. Boeckmann is a fact witness as to one aspect of the government's 404(b) notice, specifically relating to a wiretap investigation in 2014 by the Suffolk County District Attorney's Office ("SCDAO") of a then-Suffolk County Police Department ("SCPD") officer named John Oliva, who was suspected of leaking confidential SCPD information to a Newsday reporter. The 404(b) notice stated that the government intends to prove that the Oliva wiretap was undertaken by the defendants at the behest of and/or in order to protect former Suffolk County Chief of Department James Burke and that the wiretap was improperly monitored and improperly prolonged by the defendants to enable Burke and others to monitor the federal investigation of the assault of Christopher Loeb. (Oliva was captured on the wiretap leaking a variety of confidential SCPD information to the Newsday reporter and subsequently pled guilty to a crime, and resigned from the SCPD, as a result.)

Ms. Boeckmann is a key fact witness to events preceding, during and following the Oliva wiretap. This includes several communications and meetings concerning that wiretap with the defendants and at least one other member of the SCDAO, the Federal Bureau of Investigation ("FBI"), and other members of the U.S. Attorney's Office for the Eastern District of New York ("USAO"). We believe that those meetings and communications undermine the government's

theory that there was anything improper about the Oliva wiretap or resulting prosecution of Oliva, much less that the defendants utilized that wiretap as part of any effort to secretly monitor the federal investigation of the Loeb assault.

Immediately upon learning that Ms. Boeckmann was joining the government's trial team—indeed, in the very same conversation—defense counsel advised the government that we believed there was an issue with Ms. Boeckmann trying the case because she was integrally involved in discussions between and among the SCDAO, the FBI and the USAO concerning the Oliva wiretap. We explained that, in our view, Ms. Boeckmann's personal knowledge of the relevant events was significant to the extent that the government sought to challenge the *bona fides* of the Oliva wiretap, as reflected in the government's 404(b) notice. The government's response, at that time, was that it would withdraw the portion of its 404(b) notice reflecting the government's intent to challenge the propriety of the Oliva wiretap, and would seek to argue instead that the motivation for the wiretap was to "punish" Oliva, whom Burke perceived as an enemy.

In light of the importance of the issue, and the lack of clarity based on our time-pressured conversation with the government (just before a court appearance in the matter), defense counsel followed up the next day with an e-mail asking the government to confirm in writing that they were withdrawing the above-described portion of their 404(b) notice, and to state exactly what they would seek to prove at trial relating to the Oliva wiretap, so that we could properly assess whether to seek Ms. Boeckmann's disqualification. (A copy of our email is enclosed as Exhibit A.) Five days later, on October 8, the government responded in a way that makes clear that they *do* intend to challenge not just the motivation for the Oliva wiretap, but also the necessity (and thus the legitimacy) of it, the defendants' conduct during the course of the wiretap, and, indeed, even the ensuing prosecution of Oliva (even though he pled guilty). (A copy of the government's response is enclosed as Exhibit B.)

It is thus evident that Ms. Boeckmann is, and remains, a key fact witness in the case, to the extent that the Court permits the government to introduce evidence concerning the wiretap and prosecution of Oliva. While we will be opposing the admission of that evidence on both relevance and Rule 403 grounds, we understand from the government that it intends to file its motion in support of the admission of this (and other 404(b)) evidence on October 24, with our opposition papers due on October 29. Since we cannot know how the Court will rule on the government's motion, we wish to alert the Court at this time that the defendants intend to seek, as part of its opposition papers, the alternate remedy of disqualifying Ms. Boeckmann as trial counsel, to the extent that the propriety of the Oliva wiretap and ensuing prosecution are going to be litigated in any respect at trial.

We regret having to burden the Court with this issue at this time, but neither the decision to have Ms. Boeckmann participate as trial counsel nor the timing of the disclosure of that decision to defense counsel was in any way the result of any conduct of the defendants.

**COVINGTON**

We thank the Court for its attention to this matter.

Respectfully submitted,

*AVinegrad/EM*

Alan Vinegrad

Enclosures

cc (by e-mail, w/enclosures):

    Government counsel

    Larry Krantz, Esq. (counsel for Christopher McPartland)