# Exhibit B

| From: | Maffei, Michael (USANYE) 1 |
|---|---|
| To: | Gatz, Lara (USANYE); Larry Krantz; Geraci, Justina (USANYE); Boeckmann, Nicole (USANYE); Vinegrad, Alan |
| Cc: | Lisa Cahill; Gershel, Bradley; Monju, Erin |
| Subject: | RE: U.S. v. McPartland and Spota, 17-587 (JMA) |
| Date: | Tuesday, October 08, 2019 10:17:43 AM |

**[EXTERNAL]**

Larry and Alan,

      Please allow this email to serve as a follow up to our conversation regarding our 404(b) notice, as it pertains to the investigation and prosecution of John Oliva. At trial, the government does not intend to elicit testimony that the wiretap of the telephone of John Oliva was improperly obtained, improperly monitored or improperly extended. However, the government does intend to offer evidence of the following aspects of the investigation and prosecution of John Oliva:

1- At the time that the investigation was commenced, Oliva was described by Burke as an "enemy," a designation about which the defendants were aware and concurred;
2- During the investigation the defendants showed an unusual interest in the intercepted conversations of Oliva, including personally reviewing and monitoring calls in the wire room;
3- Individuals involved in the investigation believed the wiretap, while legally obtained and monitored, was unnecessary in light of other evidence of Oliva's guilt and believed it was a vehicle to gather information helpful to James Burke;
4- During the investigation, defendant Spota expressed an interest in attempting to obtain a warrant to search the phone of Newsday report Tania Lopez, another known "enemy" of James Burke;
5- Defendant McPartland made reference to John Oliva as an example of what happened to people (police officers) who were "enemies" of the defendants and their coconspirators;
6- Police Officers perceived the prosecution of John Olivia as Burke utilizing his relationship with Spota and McPartland to help Burke dispose of his "enemies."

Our formal 404(b) application related to this information will be included in our motions in limine.

Also, on an unrelated note, is there a time this afternoon that is convenient for both of you to discuss a phone records stipulation? I would like to get that hammered out as soon as possible, if we all can agree.

Mike