
Larry H. Krantz
Marjorie E. Berman
———
Hugh D. Sandler
*Counsel*
———
Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell
———
Writer's E-mail
lkrantz@krantzberman.com

October 16, 2019

<u>Request to be Filed Under Seal</u>

<u>By E-mail</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

        Re:    <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

      We write in response to the government's letter dated October 15, 2019, which we received at 5:12 PM yesterday. We received the letter just as we were about to send to the government a response to their e-mail sent at 4:50 P.M. on October 14, 2019, asking us to provide the "specifics of the 'communications' and 'meetings' to which [we referred] in [our] October 10, 2019 letter regarding AUSA Nicole Boeckmann." The government further stated that its response was due to the Court on October 16, 2019, and so we endeavored to respond as promptly as possible. Accordingly, the government's letter to the Court clearly jumped the gun, particularly since we had advised it on October 14th that we were preparing a response to its e-mail request received that day. Indeed, the government even goes so far as to oppose a disqualification motion that has not even been filed.

      We certainly recognize the timing and other implications of the issues raised here. Indeed, it was the *defense* that proactively brought this matter to the Court's attention, well before the filing date of the government's 404(b) motion, by pointing out to the Court that Ms. Boeckmann's appearance in the case as trial counsel (which occurred on October 7, 2019) created a potential disqualification issue in the event that the Court allowed introduction, under Rule 404(b), of evidence pertaining to the investigation and wiretapping of John Oliva's phone. As we made clear in our letter to the Court, we intend to oppose admission of that evidence. Since the Court has not yet ruled on this question (indeed, the government's 404(b) motion has not yet even been filed), it would plainly be premature to evaluate at this juncture whether there is a sufficient factual and legal predicate to justify disqualification -- or even a need to ever address the issue.

747 Third Avenue  32nd Floor  New York, New York 10017-2803  Telephone 212.661.0009  Fax 212.355.5009
140 Grand Street  Suite 705  White Plains, New York 10601-4831  Telephone 914.949.3909
www.krantzberman.com

That said, we believe it important for the Court to be aware, now, that the government's letter of October 15th materially understates Ms. Boeckmann's personal involvement in the Oliva wiretap and her personal interactions with Mr. McPartland on that subject. Specifically, the communications and meetings set forth below demonstrate that Mr. McPartland and Mr. Spota had many communications and interactions with the FBI and the USAO as to the Oliva wiretap, including contemporaneous communications and meetings directly with Nicole Boeckmann, wherein the Oliva investigation and wiretap were discussed. By way of example, Mr. McPartland conferred with the FBI during the pre-wire investigative phase (*see* SCDA 000383312), and the FBI was "written into the wire" so that it was authorized to "listen to, overhear, eavesdrop and make copies" of the intercepted calls. OlivaWire-000008-9. Moreover, on June 4, 2014, when information was developed from the wiretap suggesting that Oliva and others had leaked, and were planning to leak, information that might impact federal cases, Mr. McPartland contacted Ms. Boeckmann, Chief of the Long Island Criminal Division for the EDNY, directly, to discuss the contents of the calls and, in particular, the fact that Oliva agreed to provide Newsday with records pertaining to what was believed to be ongoing federal criminal investigations (*i.e.*, records that may have belonged to either the EDNY or FBI). *See* SCDA000364262. Mr. McPartland's efforts to advise the EDNY culminated in an in-person meeting with senior members of SCDA, the EDNY and the FBI. That meeting took place on June 5, 2014, at the EDNY's Central Islip office, and was attended on behalf of the EDNY and the FBI by Loretta Lynch, then-U.S. Attorney for the EDNY, James McGovern, then-Chief of EDNY's Criminal Division, Ms. Boeckmann and Richard Frankel of the FBI, and on behalf of SCDA by Mr. McPartland, Mr. Spota, and Chief Assistant District Attorney Emily Constant ("June 5 Meeting").

There were further communications between Mr. McPartland and Ms. Boeckmann concerning the Oliva wiretap after that meeting. For example, the two communicated on June 12, 2014, by e-mail from Ms. Boeckmann to Mr. McPartland (SCDA 000403659) and by follow-up phone call on or about the same day between the two (with no one else on the line). There was another phone call between Mr. McPartland and Ms. Boeckmann on or about June 16, 2014 (again with no one else on the line). In that call, Mr. McPartland advised Ms. Boeckmann that, based on calls intercepted on the wire, the fact and content of the June 5 Meeting between the SCDA and the USAO had been leaked to Oliva. Mr. McPartland again called Ms. Boeckmann on July 11, 2014, which conversation Ms. Boeckmann summarized in an e-mail of the same date to FBI Agent Frankel, *see* SCDA 000538113) ("I just got off the phone with Chris. He informed me that the wire is now down and they plan to complete their case the week of July 21st . . . you can reach out to Chris directly if you have any further questions or you want to confirm the details with him."). On July 24, 2014, Ms. Boeckmann emailed Mr. McPartland, inter alia, "to confirm our conversation from earlier today where I advised you that my office would be providing you with a subpoena on Monday for all the materials related to the SCPD leak investigation." SCDA 000401497. Ms. Boeckmann communicated again by e-mail with Mr. McPartland again on August 7, 2014, asking for a copy of an order relating to the wire. SCDA 000537156. Correspondence between Ms. Boeckmann and Mr. McPartland concerning the Oliva wiretap continued throughout the month of September. *E.g.*, SCDA 000538102 (Ms. Boeckmann requesting copies of various notes of interviews with Oliva "as promised last week"); SCDA 000364265 (Ms. Boeckmann requesting additional information related to the Oliva prosecution). Mr. McPartland's communications with Ms. Boeckmann about the Oliva

wire are also confirmed by witness Paul Caroleo.  *See* Witness Statement 00000127 ("During the course of the Oliva wire, . . . McPartland also spoke with AUSA Nicole Boeckmann about the wire.").

In our view, the above communications with Ms. Boeckmann may well be critical to rebutting the government's suggestion that the Oliva investigation or wiretap were handled in an inappropriate manner by Mr. McPartland or Mr. Spota and, more specifically, refuting its claim that the wire was used by them as an alleged "vehicle to gather information helpful to James Burke."  Government e-mail of October 8, 2019. *See also* Gov't's Mar. 11, 2019 letter, p.2 (claiming that the Oliva wiretap was a means to "gain information concerning one or more federal investigations, including the investigation into Burke's civil rights violations."). Indeed, if that was the goal of the wiretap, Mr. McPartland's communications on the subject with Ms. Boeckmann, the FBI and the USAO make no sense.

In light of the above, we ask that the Court withhold any decision on this subject until the government has submitted its formal Rule 404(b) motion and the defense has had an opportunity to respond, including any application for disqualification or other relief.  Of course, if the Court would like to proceed in a different manner, we will gladly comply.


Respectfully submitted,


Larry Krantz