

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:LTG:JLG:MRM
F. #2015R01885

*610 Federal Plaza*
*Central Islip, New York 11722*

October 15, 2019

By E-mail and Courtesy Copy by Hand

**To Be Filed Under Seal**

Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

Re: United States v. Christopher McPartland and Thomas J. Spota
Criminal No. 17-CR-587 (JMA)

Dear Judge Azrack:

On October 10, 2019, the defendants filed a letter (the "October 10 letter") advising the Court of their intent, at a later date, to move to disqualify Assistant United States Attorney ("AUSA") Nicole Boeckmann from serving as a prosecutor at the trial of the above-captioned matter. For the reasons set forth below, this request should be denied.

The defendants' request appears to arise from the government seeking to introduce evidence of the defendants' handling of a wiretap of former Suffolk County Detective John Oliva (the "Oliva wiretap"). The October 10 letter alleges no specific facts regarding AUSA Boeckmann in connection with the Oliva wiretap. Instead, the defendants makes a broad, general allegation that AUSA Boeckmann is a "key witness to events preceding, during and following the Oliva wiretap." The defendants make passing reference to "communications" and "meetings" concerning the Oliva wiretap, without any specific factual allegations as to the content of the communications or the meetings that AUSA Boeckmann is alleged to have participated in. Furthermore, the defendants make absolutely no factual allegations as to how those "communications" and "meetings" pertain to any of the issues related to the government's Rule 404(b) notice regarding the Oliva wiretap.[1]

---

[1] On October 14, 2019, in an attempt to ascertain the factual basis of the defendants' request, the government asked defense counsel, via email, to provide the

The government has sought from the defense the bases for the instant motion, and to date, has not received a response. In an abundance of caution, the government has reviewed every email correspondence between the defendants and AUSA Boeckmann during the time frame of the Oliva wire. None of those communications reach the substance of the government's 404(b) notice regarding the Oliva wiretap.[2] Additionally, AUSA Boeckmann attended one single meeting regarding the Oliva wiretap which was attended by the defendants and numerous other individuals, including two members of the United States Attorney's Office, Eastern District of New York, one member of the Federal Bureau of Investigation and one additional members of the Suffolk County District Attorney's Office ("SCDAO").[3] Furthermore, the defendants do not cite any legal principle which would support disqualifying AUSA Boeckmann. In any event, based upon the applicable law and the facts in this case, there is no basis to disqualify AUSA Boeckmann.

The "advocate-witness rule" provides, generally, that a lawyer may not act as both advocate and witness in the same proceeding. Defendants frequently seek to invoke this rule in two contexts involving government attorneys. The first context is when the defendant seeks to call the government attorney as a witness. The second context is when the defendant alleges that the government attorney will act as an "unsworn witness" at trial.

Here, the defendants have not indicated that they will seek to call AUSA Boeckmann as a witness at trial. And even if the defendants were to seek to call AUSA Boeckmann at trial, they would first be required to demonstrate a "compelling and legitimate reason to do so." United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997). Because all

---

government with the specific "communications" and/or "meetings" to which the defendants refer in the October 10 letter. Later on October 14, 2019, Alan Vinegrad, counsel to defendant Thomas J. Spota, indicated that they were still working on an answer to the government's request. As of the filing of this letter, the government has not yet received any additional information from counsel. Therefore, in the absence of any factual or legal arguments in the October 10 letter, the government must assume the facts and legal arguments underlying the defendants' request.

[2] The email communications between AUSA Boeckmann and defendant McPartland, as related to the Oliva wiretap, relate to the planned takedown of the wiretap by the Suffolk County District Attorney's Office and need for the United States Attorney's Office, Eastern District of New York ("USAO-EDNY") to obtain any information gathered during the wiretap that the government would be obligated to provide to defendants as *Giglio* material as Detective Oliva was a potential witness in several pending USAO-EDNY prosecutions.

[3] Even at this meeting, the propriety of the Oliva wiretap was not discussed. The meeting was merely the SCDAO informing the government that there may have been a leak of information related to federal investigations.

email communications between the defendants and AUSA Boeckmann speak for themselves, occurred at time after the Oliva wiretap was authorized by a state court judge, and the contents of which do not speak to the issues raised in the government's 404(b) notice, there is no compelling need to call AUSA Boeckmann as a witness to those communications. Similarly, because the meeting which AUSA Boeckmann attended regarding the Oliva wiretap was attended by numerous other individuals, as acknowledged by the defendants in the October 10 letter, there is no compelling need to call AUSA Boeckmann as a witness to what transpired at that meeting. At trial, the defendants are free to call any other attendee of the meeting to discuss what transpired. Id.; see also, United States v. Regan, 897 F.Supp. 748, 758 (S.D.N.Y. 1995) (holding no compelling need exists to call prosecutor when other witness are available to testify to the same matters in question) (internal citations omitted).

Next, any potential claim that AUSA Boeckmann will act as an "unsworn witness" at trial is without merit. It is well settled that disqualification of an attorney is "a drastic remedy to the unsworn witness problem." United States v. Locascio, 6 F.3d 924, 934 (2d Cir. 1993). The mere fact that an AUSA may be present for statements made by a defendant which are subsequently discussed at trial is not a basis for disqualification nor does it make the attorney an unsworn witness. See United States v. Regan, 103 F.3d at 1083; see also, United States v. Bin Laden, 2001 WL 30061 at *10 (Jan 2, 2001 S.D.N.Y.) and United States v. Sanchez, 2004 WL 315266 at *2, (Feb 18, 2004 S.D.N.Y.). In this case, there is no risk that AUSA Boeckmann will act as an "unsworn witness."

Indeed, the government does not intend to offer any of the conversation at the meeting attended by AUSA Boeckmann or the content of the emails between AUSA Boeckmann and defendant McPartland on its case in chief at trial. Furthermore, should defendant McPartland testify at trial about communications with AUSA Boeckmann, the cross-examination of defendant McPartland will not be conducted by AUSA Boeckmann. Furthermore, AUSA Boeckmann is well aware of the impropriety of imparting personal knowledge into any jury address she may deliver at trial. Accordingly, there will be no opportunity for AUSA Boeckmann to "subtly impart[] to the jury [her] firsthand knowledge of the events without having to swear an oath or be subject to cross examination," United States v. Locasio, 6 F.3d at 933, which is what the advocate-witness rule seeks to prevent.

Based on the forgoing, the defendants request to disqualify AUSA Nicole Boeckmann should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/                       
Michael R. Maffei
Lara Treinis Gatz
Justina Geraci
Assistant U.S. Attorneys
(631) 715-7890

cc:    Alan Vinegrad, Esq. (via email)
       Counsel to Defendant Thomas J. Spota
       Larry Krantz, Esq. (via email)
       Counsel to Defendant Christopher McPartland