
Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell

*Writer's E-mail*
lkrantz@krantzberman.com

October 21, 2019

**Request to be Filed Under Seal**

<u>By ECF and E-mail</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

   Re: <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

  We write to renew our motion for a list of co-conspirators in the above-referenced matter. This motion was contained in our pre-trial motions and was addressed by the Court at oral argument on September 11, 2019. (ECF No. 59–60, 100.) At that time, the Court did not directly rule on the motion, but observed that the need for such a list would likely be mooted by early disclosure of the 3500 material, which presumably would make it clear whom the alleged co-conspirators were.

  Having now received and reviewed the 3500 material, we are still largely in the dark as to which individuals the government contends are co-conspirators. Admittedly, the identities of some of those individuals is clear. Specifically, the list of alleged co-conspirators plainly includes James Burke (who participated in the Loeb assault and pleaded guilty to both the assault and an obstruction charge), James Hickey (who pleaded guilty to an obstruction charge), William Madigan (who the government has expressly stated in motion papers it considers a co-conspirator), Kenneth Bombace (who was immunized but acknowledged his participation in the Loeb assault and its cover-up), Anthony Leto (who pleaded guilty to an obstruction charge) and Michael Malone (who, like Bombace and Leto, participated in both the assault and the cover-up).

  Beyond those witnesses, however, the 3500 material does not reveal the identities of the other alleged co-conspirators. For example, based on its previous description of how lawyers were assigned to police personnel during the investigation of the Loeb assault, it appears that the government may claim that Joseph Conway and many of the lawyers hired to represent witnesses in that investigation were co-conspirators, although this is not clear. It is equally unclear whether the government claims that multiple other police officers on its witness list (or others)
747 Third Avenue 32nd Floor New York, New York 10017-2803 Telephone 212.661.0009 Fax 212.355.5009
140 Grand Street Suite 705 White Plains, New York 10601-4831 Telephone 914.949.3909
www.krantzberman.com

are considered co-conspirators, or whether other members of the Suffolk County District Attorney's Office, such as government witnesses Emily Constant and Spiros Moustakas, are considered co-conspirators. Nor does the 3500 material indicate whether the government considers witness Peter Crusco, who conducted the Loeb prosecution as a court-appointed special prosecutor but whom at least one witness suggests was complicit in the cover-up, is considered by the government to be a co-conspirator. And there are others on the government's witness list whose status as co-conspirators is similarly unclear.

This is a matter of great importance for the trial, as it affects the admissibility of evidence – in particular, whether out-of-court statements of various individuals can qualify as co-conspirator statements under FRE 801, *i.e.,* whether the declarant is a member of the conspiracy, and whether the statement is made (typically to another alleged conspirator) in furtherance of that conspiracy. Information as to whom the government considers a co-conspirator is also vital to cross-examination. Obviously, if a witness is considered a co-conspirator but has not been charged, that witness has a motive to curry favor with the government. Not knowing whom the government does or does not consider a culpable participant in the alleged conspiracy leaves the defense at an unfair disadvantage.

Under these circumstances, and for all of the reasons previously set forth, the government should be ordered to provide a list of alleged co-conspirators as promptly as possible, so that we may utilize that information in connection with our (and responding to the government's) *in limine* motions, which are due on October 24, 2019, and thereafter at trial. As our prior papers in support of this motion (ECF No. 60-1, at 10–16) reflect, such a list of co-conspirators is commonly granted in cases of this nature, and there is no conceivable prejudice to the government – other than its loss of an unfair tactical advantage – that could be engendered by the production of such a list.

I thank Your Honor for your consideration of this request.

Respectfully submitted,

Larry Krantz

cc: counsel for the United States