

U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:LTG/JLG/MRM  
F. #2018R00279

610 Federal Plaza  
Central Islip, New York 11722

October 22, 2019

**Filed Under Seal**

By Hand

The Honorable Joan M. Azrack  
United States District Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

      Re: United States v. Christopher McPartland and Thomas J. Spota  
           Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

      We write on behalf of the Government in the above captioned matter, and as directed by the Court, in response to an October 21, 2019 letter from the defendants, which renews their pre-trial motion for a bill of particulars identifying the names of all alleged co-conspirators. In light of the government's fulsome production of *all* Jencks Act and *Giglio* material in its possession to date, as well as its voluntary additional production of the substance of the statements of *all* non-testifying witnesses, this request is patently absurd and should be summarily denied.

      Although the decision whether to grant a motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) rests with the sound discretion of the district court, *see United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991), *United States v. Panza*, 750 F.2d 1141 (2d Cir. 1984), "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Perryman*, 881 F.Supp.2d 427, 430 (E.D.N.Y. 2012) (citation omitted). "Generally, if the information sought by the defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998). Moreover, "[i]n determining

whether a bill of particulars is warranted '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" *Perryman*, 881 F.Supp.2d at 430 (citations omitted). Consistent with this principle, courts generally "deny requests for bills of particulars concerning the 'whens, wheres, and with whoms' of the crime." *Id*. (citations omitted). *See also, generally, United States v. Bellomo*, 263 F.Supp.2d 561, 580 (S.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret evidence for the defendant; or disclose its legal theory.").

In its letter, the defense asks this Court to order the government to "provide a list of alleged co-conspirators as promptly as possible, so that [the defense] may utilize that information…" (Def. Ltr. at 2). At this point, the defense has the names of *all* testifying *and* non-testifying government witnesses, and the substance of their statements, as well as (where applicable) their immunity orders, grand jury testimony, cooperation agreements, plea colloquies, proffer agreements, etc. To seek a roadmap of the government's case on top of this tremendous disclosure is plain overreaching, and well beyond the scope and valid purpose of a bill of particulars. This case does not involve a sprawling, long-running conspiracy, in which the defendants are at any risk of being surprised by the identities of other co-conspirators whom they may never have met. Rather, the obstruction and witness tampering offenses with which the defendants are charged stem from a single incident in December 2012, which involved the individuals the defense lists by name on the first page, second paragraph, of their letter to this Court, and ends only about four years later, with the conviction of James Burke. Furthermore, with respect to the other individuals listed by the defense as potential, but uncertain, co-conspirators – *e.g.*, Peter Crusco, Emily Constant, Joseph Conway – as this Court, and the defense, are already well aware, these are all *testifying* witnesses, whose statements have been provided to the defense, and who can (and presumably will) be cross-examined by the defense at trial.

This Court should view with extreme skepticism the defenses' ridiculous claim that, after reviewing *every* witness statement in the government's possession, they are "still largely in the dark." (Def. Ltr. at 1). Such an assertion is utterly implausible, particularly coming from experienced practitioners like defense counsel. These claims are merely a distraction from the fact that the information that the defendants seek is not necessary in this case to accomplish any valid purpose of a bill of particulars. *See, e.g., United States v. Torres*, 901 F.2d 205, 233-34 (2d Cir. 1990) (upholding district court's denial of bill of particulars where defendant had requested, in part, "the identity of other persons 'known and unknown' as alleged in ... the indictment"). In light of this, and compounded in no small part by the government's fulsome production to the defense of the statements of *every single one* of its witnesses *and* its non-testifying witnesses, the defendants' request for a bill of particulars identifying all co-conspirators at this time is merely "an impermissible attempt to compel the Government to provide the evidentiary details of its case." *United States v. Biaggi*, 675 F.Supp. 790, 810 (S.D.N.Y.1987). *See also United States v. James*, No. 02 CR 0778 (SJ), 2007 WL 914242, at *5 (E.D.N.Y. March 21, 2007) ("the device of a bill of particulars was not created to help the defendant investigate the charges in the indictment.

Rather, it is designed to avoid unfair surprise to the defendant at trial, and to permit the defendant to invoke the defense of double jeopardy. Those are the only legitimate purposes of a bill of particulars." (citation omitted)). Therefore, the defenses' motion should be denied in its entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Nicole Boeckmann
Lara Treinis Gatz
Justina L. Geraci
Michael R. Maffei
Assistant U.S. Attorneys

cc: All Counsel of Record (By E-mail)