

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:LTG/JLG/MRM
F. #2018R00279

*610 Federal Plaza*
*Central Islip, New York 11722*

October 23, 2019

**Filed Under Seal**

By Hand

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: United States v. Christopher McPartland and Thomas J. Spota
           Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

      We write on behalf of the Government in the above captioned matter, in brief sur-reply to the reply letter submitted by the defense on October 22, 2019, concerning their renewed request for the identification of the names of all alleged co-conspirators.

      The defense's claim that their request is "squarely supported by well over a dozen additional court decisions," is highly misleading. In fact, in *none* of the cases cited by the defense (ECF Dkt. No 60-1) has the Court ordered the Government to provide the names of co-conspirators *after* its production of *all* of the following: (1) a trial witness list; (2) all Jencks Act material and *Giglio* material (including witness grand jury testimony, executed cooperation agreements, plea allocutions, issued immunity orders, and executed proffer agreements) for its testifying witnesses; and (3) the substance of the statements of *all* non-testifying witnesses which have any arguable relevance to or touch upon this case. Rather, the cases cited by the defense address the disclosure of the names of co-conspirators during an *earlier* phase of the litigation, *prior* to the trial-related disclosures made in this case. Indeed, the Court (appropriately) believed that the Government's provision of Jencks Act and *Giglio* materials would obviate the need for any bills of particulars; and it was, at least in part, for that reason that the Government was ordered to provide these materials over thirty days in advance of trial.

As the Court is aware from prior briefings in this case, there is no clear rule in the Second Circuit as to if and when a bill of particulars for unindicted co-conspirators should be granted. *See United States v. Kahale*, 789 F.Supp.2d 359, 372 (E.D.N.Y. 2009) (citing *United States v. Nachamie*, 91 F.Supp.2d 565, 572 (S.D.N.Y. 2000) ("A review of the case law in this district reveals no clear distinction among circumstances in which courts grant a request for the names of known unindicted co-conspirators and circumstances in which they do not."). Indeed, "[t]he Second Circuit has upheld decisions [both] granting and denying requests for the identity of co-conspirators." *Kahale*, 789 F.Supp.2d at 372 (citing *United States v. Chalmers*, 410 F.Supp.2d 278, 286 (S.D.N.Y. 2006) (collecting and comparing cases)). But in no cases cited by the defense, or at this point found by the Government, has the Court addressed this issue following disclosures of the type already made by the Government here. In sum, there is no question that the defendants have more than adequate information to prepare for trial and avoid unfair surprise; and their claim that this motion is routinely granted *at this phase of the litigation* is flatly wrong. Their motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Nicole Boeckmann
Lara Treinis Gatz
Justina L. Geraci
Michael R. Maffei
Assistant U.S. Attorneys

cc: All Counsel of Record (By E-mail)