

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

NB:LTG:JLG:MRM
F. #2015R01885

October 24, 2019

By Hand and ECF  **TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

Re: United States v. Christopher McPartland and Thomas J. Spota
Criminal Docket No. 17-587 (JMA)

Dear Jude Azrack:

The government respectfully submits this motion *in limine* to admit at trial evidence of the defendants' conduct in connection with a December 2011 motor vehicle accident involving James Burke and Christopher McPartland ("the accident"). As more fully set forth below, the government intends to offer evidence related to the accident at trial for a number of purposes, including as follows: (1) to show the relationships of mutual trust between the defendants Thomas J. Spota and Christopher McPartland and certain co-conspirators, including James Burke; and/or (2) evidence of other acts and activity by defendants, pursuant to Rule 404(b), Fed. R. Evid., as proof of that defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

### I. Background

On or about March 11, 2019, the government provided the defendants with notice of the government's intention to offer evidence at trial related to the accident. In that notice, the government advised the defendants that it intended to offer evidence that defendant Spota "[f]ailed to take appropriate disciplinary action against defendant McPartland and Burke, following a car accident in or about December 2011, involving McPartland, driving his county-issued vehicle while intoxicated, and Burke, driving his personal vehicle while intoxicated, resulting in over $10,000 in damages, personally paid for by Burke[]" and that defendant McPartland "[f]ailed to take appropriate action following a car accident in or about December 2011 involving himself, driving his county-issued vehicle

while intoxicated, and Burke, driving his personal vehicle while intoxicated, resulting in over $10,000 in damages, personally paid for by Burke." See Government's Supplemental Discovery and 404b Notice, dated March 11, 2019.[1]

Indeed, consistent with the foregoing, witnesses will testify that: on or about December 31, 2011, Christopher McPartland and James Burke were out drinking at Butterfields restaurant in Hauppauge, New York; upon leaving the restaurant, at the intersection of Route 34 and Old Willets Road, Burke drove his vehicle into the rear of McPartland's county-issued vehicle; neither Burke nor McPartland reported the accident to authorities; a third party was tasked with getting the county-issued vehicle repaired; Burke paid for the repairs in cash; the third-party, who was responsible for the repairs, was instructed not to tell anyone about the accident. No one was injured during the accident.

Another witness will testify that in late 2015, Christopher McPartland admitted his role in the accident to Thomas Spota during a conversation in which McPartland also explained to Spota his role in various meetings with Burke during the course of the federal investigation into Burke. No disciplinary action was taken by Spota in response to McPartland's admitted failure to report the accident involving the county-issued vehicle and subsequent cover-up.

## II. Applicable Law

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,

---

[1] The government provided a copy of this notice was provided to the Court at its request on October 16, 2019. The Court had previously directed the parties to file separate submissions related to the evidence the government seeks to admit regarding the investigation of former Suffolk Police Department Detective John Oliva. Further, the government had previously informed counsel for the defendants that the government would not seek to offer evidence related to the wiretap of Thomas Foley at trial. Regarding the remaining items in the government's supplemental discovery letter, the government submits that those items do not constitute other acts evidence subject to Fed.R.Evid. 404(b). Instead, the remaining items will be offered at trial as: (1) direct evidence of the charged conspiracy; and/or (2) to show the relationships of mutual trust between the defendants Thomas J. Spota and Christopher McPartland and certain co-conspirators, including James Burke.

preparation, plan, knowledge, identity, or absence
of mistake or accident…

Fed.R.Evid. 404(b). The Second Circuit follows an inclusionary rule, "allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (citing United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)); see also, United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1991) (internal citations and quotations omitted).[2] A district court has wide discretion in making this determination. United States v. Inserra, 34 F.3d at 89. Federal Rule of Evidence 403 provides that: "[a] court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

"To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997). A trial court "may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991).

Furthermore, it is well settled "evidence of uncharged criminal activity is not considered other crimes evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Gonzalez, 110 F.3d at 942 (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) (internal quotations omitted)).

### III. Analysis

Here, the evidence related to the accident that the government seeks to offer at trial clearly meets the requirements for admissibility under Rule 404(b).

---

[2] A court should provide an appropriate limiting instruction to the jury, should a defendant request one. United States v. Mickens, 926 F.2d at 1329; see also, Huddleston v. United States, 485 U.S. 681, 691-92 (1988).

3

First, the evidence that the government would seek to offer would be admitted for a purpose other than bad character or propensity. The evidence which the government seeks to offer about the accident is essential to demonstrate the close relationship of the defendants and their coconspirator James Burke. Further, the evidence related to the accident clearly demonstrates the intent of the defendants during the time frame of the charged offenses, which is to protect James Burke and one another. The evidence related to the accident also serves to disprove any defense claim that the defendants acted in good faith upon the word of James Burke, e.g. when Burke claimed that the assault of Christopher Loeb did not happen.[3] Establishing that the defendants knew that Burke had previously taken steps to cover up wrongdoing would refute such a claim, and is therefore highly probative.

Next, as set forth more fully below , the evidence the government seeks to offer is clearly relevant as it tends to prove the government's case by establishing the intent and knowledge of the defendants during relevant time periods, *i.e.* during the timeframe of the charged conspiracy, lack of mistake and the relationship of the coconspirators to one another,.

Finally, the probative value of this 404(b) evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. The Second Circuit has stated repeatedly that Rule 403 favors the admission of evidence where the other act evidence "did not involve conduct more serious that the charged crime[s]." United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000). Here, defendant McPartland's actions to aid a co-conspirator (Burke) in covering up his actions is extremely probative. It establishes that in 2011, prior to the Loeb obstruction conspiracy, McPartland knew of Burke's ability and willingness to cover up wrong doing. It also demonstrates how close the personal relationship was between Burke and McPartland, they trusted each other implicitly. Moreover it shows McPartland' willingness to assist Burke in concealing his crimes despite the risk. Accordingly, this evidence is highly relevant and critical to proving McPartland's intent during the time of the charged conspiracy.

Likewise, the evidence serves the same purposes regarding defendant Spota and is therefore tremendously probative. Although Spota does not find out about the accident until December 2015, when Spota does learn that McPartland, a member of his executive staff, concealed an accident in a government vehicle where both participants had

---

[3] During the discovery proceedings, the defendants' counsel have sought statements of coconspirator James Burke, in which Burke, falsely, denied wrongdoing in connection with the assault of Christopher Loeb. While the government does not concede the admissibility of such statements at trial, the government anticipates that the defendants may seek to present a defense, crafted in part, around coconspirator Burke's false exculpatory statements.

4

been drinking, he does nothing. Spota does not discipline or penalize McPartland in any way. This is particularly telling given the defendant's position as the District Attorney and establishes his willingness to protect and conspire with both Burke and McPartland. The evidence clearly shows the nature of the relationship between the coconspirators, as well as demonstrates Spota's ongoing intent to protect Burke.

Not only is the evidence related to the accident highly probative of several important issues in the case, including the defendants' intent, knowledge and lack of mistake, there is no risk of unfair prejudice from evidence of the accident being offered at trial. Covering up a car accident is not more serious than the crimes charged in the Indictment, namely obstructing a federal investigation into the assault of a suspect in custody.

### IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion to admit the above described evidence pursuant to Rule 404(b).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: \_\_\_\_/s/_____
Nicole Boeckmann
Lara Treinis Gatz
Justina L. Geraci
Michael R. Maffei
Assistant U.S. Attorneys
(631) 715-7855/7913/7835/7890

cc: Larry Krantz, Esq. (via email)
Alan Vinegrad, Esq. (via email)