

Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell

*Writer's E-mail*
lkrantz@krantzberman.com

**TO BE FILED UNDER SEAL**

November 4, 2019

By ECF and E-mail

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re: <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

      We write in brief response to the government's letter dated November 3, 2019 ("Gov't Letter"), opposing our motion to exclude evidence of a $25,000 loan to Mr. McPartland, to pay his legal fees (the "Loan"). According to the Gov't Letter, the loan was made on February 29, 2016. The government seeks to admit the loan as "direct evidence of the charges against Mr. McPartland," claiming it was made "in furtherance of the conspiracy." Gov't Letter at p. 4. The government's position is factually and legally in error.

      Factually, the government claims that the Loan was made "during the timeframe" of the conspiracy, relying entirely on the dates set forth in the Indictment. As the Court is well-aware, however, the Indictment is not evidence. *See Sand, Siffert, et al,* Modern Federal Jury Instructions, Paragraph 3.01. Rather, the government's effort to admit evidence must pass muster under the actual evidence of the case, not the dates chosen by the government for the Indictment. Here, the actual evidence in the case makes it clear that the charged conspiracy ended at least by February 26, 2016, which is the date that Burke pleaded guilty to a civil rights violation and obstruction of justice. On that date he publicly admitted the following, at his guilty plea:

> On December 14, 2012, I was the Chief of the Suffolk County Police Department. On that day I went to the Fourth Precinct in Suffolk County. At that time I entered a room with others and encountered an individual who had been arrested earlier that morning on suspicion of burglarizing motor vehicles, including my own vehicle. At that time I, along with others, willfully used unreasonable force and slapped and hit the individual, causing bodily injury. Thereafter, from approximately December 14, 2012, to December of 2015, I was aware that there was a grand jury investigation regarding the civil rights violation, being conducted by the United States Attorney's office. I and others did knowingly and intentionally conspire and took affirmative steps to obstruct, including conspiring with other participants not to cooperate with the investigation, so that the grand jury and the

NY: 1216602-1

747 Third Avenue   32nd Floor   New York, New York 10017-2803   Telephone 212.661.0009   Fax 212.355.5009
140 Grand Street   Suite 705   White Plains, New York 10601-4831   Telephone 914.949.3909
www.krantzberman.com

United States Attorney's office would not find out the true events of December 14, 2012.

*United States v. Burke,* 15-CR-627 (LDW), Plea Minutes of February 26, 2016, at p. 15.

Thus, the government is plainly wrong when it says that "Burke loaned [McPartland] money for his legal defense [on February 29, 2016] and pleaded guilty immediately thereafter." Gov't Letter at p. 5. Rather, the plea came *before* the loan. Moreover, it is beyond dispute that the conspiracy charged in the indictment – namely, to "conceal Burke's role in the assault and to obstruct and attempt to obstruct the Federal Investigation to protect Burke," Indictment at par. 8 – had to have ended with Burke's public admission to the assault and ensuing obstruction. By that time, there would be no conceivable point to attempting to "protect Burke" from what he had just admitted in open court. And at the very least, Burke's public guilty plea and acknowledgement of guilt constituted a withdrawal from the conspiracy, further establishing that he was not acting "in furtherance" of it. *United States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000)(to constitute withdrawal there must be "affirmative action, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators.")(quotations omitted). Thus, the loan could not have been in furtherance of the conspiracy charged in the indictment, and should be excluded.

Moreover, the government is legally incorrect when it cites *United States v, Cruz,* 797 F.2d 90 (2d Cir. 1986), for the proposition that the conspiracy in this case persisted even after "Burke's arrest and conviction." Gov't Letter at p. 5. In *Cruz,* a conspiracy with a co-conspirator was found to have persisted despite the *arrest* of the co-conspirator. In that case, there was no guilty plea and no public admission of the very crime that was – as is the case here – the very object of the charged conspiracy to obstruct justice. Thus, *Cruz* is wholly inapplicable.

Finally, we note that footnote 2 of the Gov't Letter is misleading. The government is correct that the language of our letter motion was imprecise in stating that Mr. McPartland's financial disclosure document was filed "before" any investigation from the government regarding the Loan. What we had intended to say was that the financial disclosure form was filed long before Mr. McPartland *learned* of any such investigation. In this regard, it is telling that according to the 3500 material *none* of the participants in the loan reports having told Mr. McPartland that they had been interviewed by the government. Moreover, while the government notes that a search warrant on the safety deposit box was executed on April 26, 2017 – prior to the May 15, 2017 filing of the financial disclosure statement[1] – it fails to advise the Court that the search warrant was what is known as a "sneak and peak" warrant, *i.e.,* the government conducted the search surreptitiously, and left no trace that it had occurred. Thus, this event surely could not have given Mr. McPartland notice of the investigation into the loan, and the government's attempt to suggest otherwise is baseless.

---

[1] Mr. McPartland's 2017 financial disclosure statement covered, as explicitly instructed in the form, any reportable transactions between January 1 and December 31, 2016. *See* Exh. A to McPartland October 29, 2019 Letter-Motion, at cover page and instructions page. Moreover, under the Suffolk County, New York, Code of Ethics and Financial Disclosure, Section 77-10, the form is due to be filed by May 15th of the succeeding year. That is why Mr. McPartland's form was submitted on that date.

Finally, the government does not even attempt in any meaningful way to rebut the arguments made under Rule 403 in our moving submission, all of which are substantial and compelling.

For all of these reasons, as well as those set forth in our moving submission, the defense motion to preclude evidence of the Loan should be granted.

Respectfully submitted,

Larry Krantz

cc: Counsel for the government