# COUNTY OF SUFFOLK
## OFFICE OF DISTRICT ATTORNEY



GOVERNMENT EXHIBIT
902
17 CR 587 (JMA)



**THOMAS J. SPOTA**
DISTRICT ATTORNEY

December 12, 2011

Kevin S. Law
President & Chief Executive Officer
Long Island Association, Inc.
300 Broadhollow Road
Suite 110W
Melville, NY  11747

Dear Mr. Law,

    I write in response to an undated anonymous letter received by various entities. The letter is entirely replete with false allegations regarding the conduct of several members of my staff.

    Inspector James Burke has been a member of my staff since my taking office on January 1, 2002. He has served as the Commanding Officer of the District Attorney's Squad first as a Detective Lieutenant. In October of 2003 Mr. Burke was promoted to Captain after scoring number one on a promotional test and assigned to the Office of the Police Commissioner. He was subsequently promoted to Deputy Inspector and reassigned to the District Attorney's Office. These assignments and promotions were made by the Police Commissioner John Gallagher.

    In 2004 Mr. Burke was designated as the Commanding Officer of the Suffolk County Police Department Organized Crime Bureau (consisting of the detectives assigned to the District Attorney Squad and the Suffolk County Police Department Criminal Intelligence Section). In February 2005 Mr. Burke was promoted to Inspector. These assignments and promotion were made by Police Commissioner Richard Dormer.

    In April 2006 I designated Mr. Burke the Chief Investigator of the Suffolk County District Attorney's Office as a result of a vacancy created when the then Chief Investigator, former Police Commissioner Robert Creighton retired. My reason in designating him was because of his outstanding leadership abilities which he had displayed over the prior 4 years of my administration. I have never once regretted this decision.

Inspector Burke's off-duty firearm was stolen, among other things during the commission of a burglary at his residence in Ronkonkoma in the early 1990s. The burglary was one amongst a series of burglaries involving forcible entry into residences. The firearm was subsequently recovered after a 911 call involving a bar fight at a licensed establishment. The serial number had been obliterated. This is entirely consistent with the likelihood that the burglary was committed by a person(s) who resided in the Ronkonkoma vicinity and not the 1st Precinct town of Babylon when Mr. Burke was then assigned.

There is no evidence of an armed home invasion (reported incidents/credible witnesses) being committed by Mr. Burke whatsoever. Any such allegation is entirely false.

Mr. Burke served as a supervisor in the same precinct as Police Officer Foley, for a period of time. There is no evidence whatsoever that he attended any party with Foley where rampant drug use occurred. In fact one of the first eavesdropping investigations that I authorized when I took office involved Officer Foley and others. Mr. Burke and other members of his staff did not participate and were not aware of the investigation. It was conducted by the Suffolk County Police Department Internal Affairs Bureau and prosecutors from the Public Integrity Unit. The exhaustive investigation did not reveal a scintilla of evidence connecting Mr. Burke to any wrong doing.

The allegation regarding a false alibi given by Det. Tricamo was in fact a case investigated by Internal Affairs. The theory put forth by Internal Affairs investigators was not supported by facts. In fact Det. Tricamo's version was entirely corroborated by an independent witness who was located and who gave a sworn statement. Det. Tricamo was exonerated of the charges. Mr. Burke was not involved whatsoever in the case.

The allegation that unnamed persons assigned to my office "tipped off" County Executive Levy to the existence of an eavesdropping warrant and divulged the contents of intercepted communications is false. To do so would have been a violation of law. Simply put this allegation never occurred and is not borne out by the contents of the electronic surveillance.

The allegation that Mr. Burke could "direct the Police Commissioner" to provide manpower and quash internal affairs cases is false. In fact during the tenure of Commissioner Dormer manpower in the District Attorney section has decreased. Every Internal Affairs case is are sent to the District Attorney's office for review <u>after</u> the investigation has been completed by the police department.

The allegation that the District Attorney's office seized Peter McGowan's campaign fund and "kept it for themselves" and plan to do the same with the Levy campaign fund is outrageous as well. In both instances the funds were lawfully seized and refunded or will be refunded to the original donors or other authorized entities. This has been reported to the press on many occasions and can easily be verified by the campaign donors of both funds.

On February 28, 2011 D/Lt. William Madigan, Executive Officer of the Organized Crime Bureau was promoted to Captain on the last day of an eligible list.

The first time anyone in my office including myself and then D/Lt. Madigan knew about the promotion was when Deputy Commissioner Roger Shannon notified Inspector Burke via telephone of the promotion and Madigan's reassignment to the patrol division at approximately 4:30 pm on February 28, 2011.

On March 16, 2011 William Madigan was promoted to Deputy Inspector and transferred to the Organized Crime Bureau as Executive Officer. Neither I nor any member of my staff, including Inspector Burke or D/Inspector Madigan, were notified by anyone on County Executive Levy or Commissioner Dormers staff of the promotion/assignment. We read about it when it was published in a department personnel order. To allege that the County Executive avoided arrest, conduct that would constitute bribery/bribe receiving by myself or members of my staff, in exchange for D/Inspector Madigan's promotion is outrageous.

The allegation that former Chief of Detectives Rau was forced to retire because of a power struggle with Mr. Burke at the threat of prosecution is false. Chief of Detectives Rau was transferred to Chief of Patrol by Commissioner Richard Dormer and subsequently retired. Commissioner Dormer advised that he made the transfer because Rau's behavior became erratic and that he lost confidence in his ability to carry out the duties of Chief of Detectives.

The allegation that Mr. Burke was "recently caught up in a prostitution sting in NYC" is a baseless rumor that has been circulated in anonymous letters and internet blogs for at least five years. Mr. Burke would be unable to suppress the procedural and reporting requirements of the NYPD whose personnel would not be fearful and under his control as the anonymous author contends.

As to the allegation that Mr. Burke "routinely threatens subordinates" in his role as overseer of law enforcement operations and investigations in the District Attorney's Office let me state with certainty that over the last ten years Mr. Burke has taken decisive action to maintain the good order and discipline of his subordinates and to maintain the integrity of investigations. All of these actions have been undertaken with my advice and consent as deemed necessary.

The paragraph wherein the anonymous author references numerous internet blogs regarding Mr. Burke sheds light upon the author's motivation. In fact, many of the allegations contained in the correspondence have been posted over and over again on the internet likely by the author of the letter. It deserves emphasis and re-emphasis that not one shred of evidence has ever been brought forth to support any of this trash. I should add that the prime authors of most of these blog posts have family members or friends convicted of felonies and sent to state prison or have been rejected for employment by my office.

I have known Mr. Burke for many years and have entrusted him with overseeing law enforcement operations in my office for ten years. He is highly regarded in the law enforcement community by his subordinates and peers alike. He is not afraid of recognizing problems and taking action to remedy them, including, as the writer opines, "make big changes" if necessary.

Please feel free to disseminate the contents of this correspondence as you see fit.

Very truly yours,

THOMAS J. SPOTA
Suffolk County District Attorney