

U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:LTG:JLG:MRM  
F. #2018R00279

610 Federal Plaza  
Central Islip, New York 11722

November 10, 2019

By Hand and ECF

**TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack  
United States District Judge  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

Re: United States v. Christopher McPartland and Thomas J. Spota  
Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

The government respectfully submits this letter in response to the defense disclosures of earlier this evening, with respect to the personal information they intend to mention during their opening statements. This information should be precluded, as it is irrelevant and otherwise inadmissible. The defendants cannot be permitted to shamelessly elicit sympathy from the jurors, and try to distract from the facts at issue in this trial.

Defendant Spota's letter makes clear that counsel intends to refer to his age and marital and familial status in opening statements. Defendant McPartland's letter makes clear that, in addition to his age, marital and familial status, the opening statement will also detail his wife's and father's struggles with cancer.

As the government has previously stated in its motion *in limine* on this issue, this information is plainly inappropriate and irrelevant. Courts have broad discretion to exclude evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one[.]" Fed. R. Evid. 403, Adv. Comm. Notes. Indeed, when evidence is of limited probative value, it should be excluded if it has the "potential to engender sympathy in an inappropriate effort to excuse defendant's commission of the charged offenses." United States v. Miller, 641 F. Supp. 2d 161, 167 (E.D.N.Y. 2009); see also United States v. Paccione, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that the defendant had son with cerebral palsy); United States v. Battaglia, No. S9 05 Cr. 774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of Defendant's family and personal status" as not "relevant to

the issue of whether Defendant committed the crimes charged"); United States v. Harris, 491 F.3d 440, 447 (D.C. Cir. 2007) (affirming preclusion of evidence designed "mainly to cast [the defendant] in the sympathetic light of a dedicated family man").

The defendants' October 29, 2019 joint reply to the government's motion to preclude this evidence does nothing to support their position. *Every single case* cited therein (see pages. 9-10) involved either a testifying defendant, or the denial of the government's motion to preclude *if* the defendant chose to testify at trial. If the defendants in this case testify, the government acknowledges that certain details about their personal backgrounds may be elicited through their testimony. But absent that, these extraneous details should be precluded, including in the defenses' opening statements.

Details about either of the defendants' family or about their non-legal background, or other personal issues independent of their relationships with their co-conspirators, have no bearing on the issues in this case because they are not probative of whether the defendants conspired with Burke and others to tamper with witnesses and obstruct an investigation. Information about the defendants' personal lives, independent of their relationships with one another, does not make it more or less likely that they conspired, obstructed justice, or tampered with witnesses. See Fed. R. Evid. 401. Moreover, the clear purpose for introducing evidence at trial of these extraneous details – and particularly of defendant McPartland's family members' struggles with cancer – would be to elicit sympathy for the defendants and/or to distract from the facts at issue. The risk of juror confusion and unfair prejudice is manifest, because the jury would be asked to look past the defendants' conduct in this case. This sort of emotional appeal to the jury's sympathy should be excluded pursuant to Rule 403.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/  
Nicole Boeckmann
Lara Treinis Gatz
Justina L. Geraci
Michael R. Maffei
Assistant U.S. Attorneys
(631) 715-7855/7913/7835/7890

cc: Larry Krantz, Esq. (via email)
Alan Vinegrad, Esq. (via email)