UNITED STATES DISTRICT COURT Filed Under Seal
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                            -against-                                    **ORDER**
                                                                        17-CR-587 (JMA)
CHRISTOPHER MCPARTLAND, and
THOMAS J. SPOTA,

                                        Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

The remaining outstanding issues from the motions *in limine* are addressed below.

**A.  Levy Investigation**

Although the Court believes that the evidence concerning the Steve Levy investigation is relevant and could be admitted, the Court ultimately has decided to exclude that evidence under Rule 403.

**B.  The Anonymous 2011 Letter, Spota's Response, and IAB Case 94-699**

The Court excludes evidence concerning the 2011 anonymous letter about Burke and Spota's response.  Because this evidence is being excluded, the Government has no reason to introduce evidence concerning IAB Case 94-699.

**C.  IAB Case 93-152**

With respect to IAB Case 93-152, which concerns Lowrita Rickenbacker, the Court will permit the Government to introduce evidence concerning this IAB investigation and the substantiated findings of this investigation.  As explained in the Court's prior order, this evidence is necessary to explain Burke's hatred of Cuff and is not more prejudicial than probative. Specifically, the Government may introduce evidence concerning Cuff's involvement in this IAB investigation and the substantiated findings of the investigation.  The Court finds no basis, at this

time, to admit the unsubstantiated allegations from IAB Case 93-152. The Court expects to redact much of the documentation from IAB Case 93-152 to exclude references to the unsubstantiated allegations. As such, the Government shall not mention any of the unsubstantiated allegations in its opening statement.

Relatedly, the Court will permit the Government to introduce evidence that Spota represented Burke during proceedings for IAB Case 93-152. This evidence is relevant to show the close relationship and mutual trust between Spota and Burke. Additionally, this evidence confirms Spota's knowledge of IAB Case 93-152 and the substantiated allegations against Burke. Spota's knowledge of the substantiated allegations against Burke (and the paper trail evidencing that knowledge) is relevant to show that Spota had an additional motive to cover-up the Loeb assault—namely, if Burke were to commit serious misconduct as Chief, Spota's vouching for Burke would be damaging and embarrassing, particularly in light of the fact that Spota clearly knew about Burke's prior, substantiated, misconduct. While Defendants claim that evidence of Spota's representation of Burke would be prejudicial, any potential prejudice from this evidence is minimal and is outweighed by the probative value of this evidence. If requested by the defense, the Court will consider instructing the jury that Spota was acting in his capacity as a defense attorney during this IAB matter and that Spota's conduct during this IAB matter was entirely appropriate.

## D. **IAB Case 99-41**

With respect to IAB Case 99-41, the Court will only permit the Government to elicit the fact that Cuff oversaw an additional IAB investigation concerning Burke in which none of the allegations were substantiated. This evidence is relevant to show why Burke hated Cuff. The Government is not permitted to elicit details of these unsubstantiated allegations. The Court expects to only permit the introduction of very limited, redacted documentation of this IAB

investigation, such as the version of Burke-001675, which is attached to this order and includes proposed redactions by the Court. Given that the jury will not hear any details concerning the unsubstantiated allegations from this IAB matter, the probative value of the evidence outweighs any potential prejudice.

**E.** **Personal Details of the Defendants**

The defense is permitted to elicit the Defendants' ages and their marital status. The Court finds no reason to allow the defense to discuss Defendants' children. With respect to Defendant McPartland, defense counsel can seek to elicit from witnesses that McPartland was out of the office for certain periods in 2013 and 2014. The Court, however, finds no basis, at this time, to allow the defense to elicit the reason why McPartland was out of the office. Evidence concerning his wife's and father's cancer is much more likely to elicit sympathy (and, thus, be prejudicial to the Government) than to have any probative value.

**SO ORDERED.**

Dated: November 13, 2019
       Central Islip, New York

                               /s/ (JMA)
                             JOAN M. AZRACK
                             UNITED STATES DISTRICT JUDGE