### ___. State of Mind of Co-Conspirators

You have heard testimony from various police witnesses about what the witness believed might happen to him if he had revealed certain information relating to the alleged assault of Christopher Loeb. I hereby instruct you that this testimony was received only for the purpose of allowing you to consider what the witness's own state of mind was at the time. You may not consider this testimony as proof that the witness's belief was correct or accurate. It is merely what the witness thought at the time.

You also cannot consider this testimony for any other purpose. Accordingly, you cannot consider this evidence as a substitute for proof that either defendant committed any of the crimes charged.[1]

---

[1] Adapted from *Sand*, ¶ 5.10, Instrs. 5-25, 5-26.

___. **Other, Uncharged Acts**

*i. Oliva Investigation and Prosecution*

You have heard evidence that the Suffolk County District Attorney's Office conducted a wiretap investigation of former Suffolk County Police Department employee John Oliva, and that this investigation resulted in the criminal prosecution of Oliva and his conviction for Official Misconduct, a misdemeanor offense under New York State Law.

I hereby instruct you that the wiretap investigation of Oliva was legal. It was lawfully approved and extended by a judge of the New York State Supreme Court of Suffolk County and it was lawfully initiated and monitored by the Suffolk County District Attorney's Office.

I also instruct you that the prosecution and conviction of Oliva was also legal.

The defendants are not on trial for committing any act not alleged in the indictment. Accordingly, you may not consider evidence of the investigation and prosecution of Oliva as a substitute for proof that either defendant committed any of the crimes charged. Nor may you consider this evidence as proof that either defendant has a criminal personality or bad character. That evidence was admitted for a much more limited purpose and can be considered by you only to the extent it relates to the state of mind of alleged co-conspirators of the defendants and the alleged motive and close relationship of the defendants and James Burke. This evidence may not be considered by you for any other purpose.[2]

---

[2] Adapted from *Sand*, ¶ 5.10, Instrs. 5-25, 5-26.

**___. Other, Uncharged Acts**

      *iii. Evidence Relating to the Anonymous Letter*

You have heard evidence about an anonymous letter concerning James Burke and a response to that letter from Thomas Spota. Again, I instruct you that the defendants are not on trial for committing any act not alleged in the indictment. Accordingly, you cannot consider this evidence as a substitute for proof that either defendant committed any of the crimes charged. Nor may you consider this evidence as proof that either defendant has a criminal personality or bad character. This evidence was admitted for a much more limited purpose and can be considered by you only to the extent it relates to Mr. Spota's alleged motive with respect to the crimes charged. This evidence may not be considered by you for any other purpose.[3]

---

[3] Adapted from *Sand*, ¶ 5.10, Instrs. 5-25, 5-26.

____.  **Other, Uncharged Acts**

        *iv.*    *Evidence Relating to Loan to Mr. McPartland*

You have heard evidence about a $25,000 loan that Mr. McPartland received in February 2016. I instruct you that there was nothing unlawful or illegal about his receipt of this loan.