**KRANTZ & BERMAN** LLP

Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell

*Writer's E-mail*
lkrantz@krantzberman.com

October 12, 2020

By ECF

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

        Re:    <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

      We write in connection with the sentencing of Christopher McPartland, currently scheduled for November 18, 2020. Having now received and reviewed the final PSR, we write to request a sentencing hearing on certain critical allegations contained in that report, which allegations are highly material to sentencing and vigorously contested by Mr. McPartland. These allegations were not adjudicated by the jury, which returned only a general verdict of guilty, and therefore must be adjudicated by the Court.

      The specific factual allegations contained in the PSR as to which we request a sentencing hearing are the following:

1. That in February 2013, "McPartland, Burke and Hickey met on several occasions to craft a false narrative for Burke to use to explain what occurred on December 14, 2012, to the special prosecutor. McPartland took the lead in honing the false narrative and shaping it with Burke to make the lies as believable as possible." PSR at ¶13.

2. That "[m]uch of the final false narrative [given by Burke and others] was originally discussed and agreed upon between Burke and McPartland in the earlier part of the conspiracy." PSR at ¶15.

3. That Mr. McPartland "prepared Burke to testify [at the suppression hearing], at which time they practiced the finalized version of the false narrative . . ." PSR at ¶16.

      We seek a sentencing hearing because all of the facts alleged above are based entirely on the word of James Hickey, with no corroboration at all. Moreover, we request an opportunity to establish at the hearing that Hickey's version of these events has evolved dramatically and irreconcilably over time. Indeed, given the evolution of Hickey's statements both to his own lawyers (who have previously waived attorney-client privilege and produced records) and to

the government, these allegations are thoroughly unreliable and fail to satisfy the sentencing standard of proof by a "preponderance of the evidence." Specifically, as to the critical allegations set forth in (1) and (2) above -- that Mr. McPartland "took the lead in honing [Burke's] false narrative" and "agreed upon" that false narrative with Burke "in the earlier part of the conspiracy" -- the existing record indicates that Hickey failed to make these allegations *during the first four years of his cooperation, including at least 17 interview sessions with the government and multiple meetings (at the inception of his cooperation) with his own lawyers.* These omissions are detailed in our Rule 33 motion, which motion seeks an evidentiary hearing as to the same allegations, in order to establish that the government withheld *Brady/Giglio* material on the same subject. As to fact (3) above, both the 3500 material and Hickey's attorneys' notes suggest a similar pattern of glaring omission followed by testimonial evolution on the part of Hickey.

Our request for a sentencing hearing should be granted because these are obviously critical facts that the Court will have to adjudicate in determining Mr. McPartland's level of criminal culpability, as well as the applicability of certain sentencing guidelines enhancements -- such as an enhancement for a "leadership role," PSR at ¶50, which Mr. McPartland disputes. Moreover, the credibility of Hickey's testimony on these points can best be determined through an evidentiary hearing, rather than on reliance on 3500 or other written materials, since those materials cannot conclusively establish *all* that was said – *or not said* -- by a witness during a prior interview. Indeed, in its response to defense counsel's objections to the PSR, the government advised the Probation Department that: "The Government maintains that it can prove the facts as amended herein by a preponderance of the evidence and is prepared to do so should a hearing be required." Addendum to PSR at par. 1.

Both the sentencing guidelines and the case law support Mr. McPartland's request for a sentencing hearing. The availability of a sentencing hearing is set forth in U.S.S.G. §6A1.3:

> **(a)** When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.
>
> **(b)** The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P.

Abundant case law also supports this request. Indeed, the right of this Court to order a "Fatico" hearing at sentencing is well-known.[1] As the Second Circuit held in *United States v. Prescott,* 920 F.2d 139, 143 (2d Cir. 1990):

---

[1] *See United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979)("[A]lthough we do not believe that a sentencing hearing will be necessary every time a defendant disputes facts or

2

> Although the sentencing court has discretion to consider a wide range of information in arriving at an appropriate sentence, a defendant may not be sentenced on the basis of "materially untrue" statements. . . . To make defendant's right meaningful, a sentencing court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate. . . .  The form or style of the hearing held to determine those matters in the presentence report that [are] contested rest[] in the discretion of the district court. It might consist of opposing affidavits, letters or other writings, argument and comment directed to the court, cross-examination of witnesses, or a full-blown evidentiary hearing.

Under the circumstances here, an evidentiary hearing is the most effective vehicle for determining the accuracy of these critical allegations because it will allow defense counsel an opportunity to establish through testimony the evolution of Hickey's statements as to these critical points, including his omission of these allegations in interviews with his own lawyers and in years of debriefings with the government.

Other courts have routinely ordered a sentencing hearing to adjudicate contested issues of fact at sentencing.  *See, e.g., United States v. Guillen,* 2020 WL 506637, *2 (S.D.N.Y 2020)(*Fatico* hearing held to resolve "disputed issues of fact"); *Philippe v. United States,* 2017 WL 3446820, *3 (S.D.N.Y. 2017)(*Fatico* hearing held "to resolve contested issues of fact at sentencing"); *United States v. Faibish*, 2015 WL 4637013, *1 (E.D.N.Y. 2015)("[T]he procedure followed in resolving disputed factors at sentencing rests in the district court's sound discretion. At the same time, it must be acknowledged that '[a]n evidentiary hearing may sometimes be the only reliable way to resolve disputed issues.'")(citations omitted); *Salvagno v. Williams,* 2019 WL 109337, * 2 (D. Conn. 2019)(court held sentencing hearing before imposing sentence).

Accordingly, we respectfully ask that the Court schedule and conduct a sentencing hearing on the issues set forth above.  Moreover, should this Court grant our request for a hearing under our Rule 33 motion (which we believe it should), we request that both hearings be conducted at the same time, since the issues are intertwined and overlap.

Finally, if our request for a hearing is granted, we respectfully request that the sentencing date of November 18th and our sentencing submission deadline of October 26th be adjourned to a date reasonably after the scheduled hearing, so that (1) the Court may rule on our post-trial motions, and (2) any sentencing submission can incorporate the facts developed at the hearing as well as any determinations by the Court.

Counsel for Mr. Spota has authorized us to advise the Court that he consents to the adjournment of any dates for the submission of sentencing memoranda, and for the sentencing, based on Mr. McPartland's requests in this letter.

---

statements in the presentence report, we certainly would not hold it an abuse of discretion on the part of a district judge to hold such a hearing where there is reason to question the reliability of material facts having in the judge's view direct bearing on the sentence to be imposed. . .").

We thank the Court for its consideration of this request.

Respectfully submitted,

Larry Krantz

cc: All counsel of record (By ECF)