

U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:LTG:JLG:MRM
F. #2018R00279

610 Federal Plaza
Central Islip, New York 11722

October 13, 2020

By ECF

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Christopher McPartland and Thomas J. Spota
Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

      We write on behalf of the government in the above captioned matter, in opposition to yesterday's letter motion from defendant McPartland for a sentencing hearing to address certain facts contained in the U.S. Probation Office's Presentence Investigation Report ("PSR") which are rooted in the trial record.

      As a threshold matter, "[t]he district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." United States v. Guang, 511 F.3d 110, 122 (2d Cir. 2007) (citations and internal quotation marks omitted). This requirement is satisfied here, where counsel for the defendants are poised to submit legal briefs opposing the Probation Office's recitation of the facts and calculation of the Guidelines range in their respective PSRs, and where their counsel will have ample opportunity at sentencing to argue against the enhancements that they currently challenge. See id.

      What the defense is really asking the Court for now is another bite at the proverbial apple: an evidentiary hearing in which the government would put forward the same evidence – including the same witness or witnesses – it had at trial, and where the defense would have yet another opportunity to cross these individuals. Under these circumstances, a *Fatico* hearing is clearly unnecessary. See, e.g., Ramos-Nunez v. United States, 2019 WL 1300811, *11 (S.D.N.Y., Mar. 21, 2019) ("Ramos-Nunez does not explain how a *Fatico* hearing would or even could have resulted in a different sentence. At such a

hearing, the Government likely would have put forward the same evidence presented at trial …. and I see no reason why I would not have concluded, as I did after trial, …. [the] appropriate [drug weight] for purposes of the Guidelines calculation.")

The district court's factual findings at sentencing need be supported only by a preponderance of the evidence. United States v. Norman, 776 F.3d 67, 76 (2d Cir. 2015) (collecting cases) (emphasis added). The Circuit Court in turn, reviewing only for clear error, gives "due deference to district court sentencing decisions, taking into account totality of circumstances." Id. (citations and internal quotation marks omitted).

As the Court is aware, and even as McPartland's letter acknowledges, the specific facts contained in the PSR, which are disputed by the defendant, find evidentiary support in sworn, detailed trial testimony – and, more importantly, testimony the jury credited following rigorous cross-examination by the defense *as to these very same topics*.

Indisputably, this Court may rely at sentencing on trial testimony. See United States v. Tracy, 12 F.3d 1186, 1203 (2d Cir. 1993). Such testimony includes the following, from witness James Hickey:

- That in February 2013, in a meeting in Burke's office, McPartland helped Burke craft a false narrative of Burke's interactions with Loeb on the day of Loeb's assault, in an effort to keep Burke's participation in the assault hidden. See Hickey Trial Tr. 1595-99 (11/26/2019).

- That in September 2013, in a meeting in Burke's office, McPartland prepared Burke for his potential in-court suppression hearing testimony, in Hickey's presence, during which McPartland conducted a mock cross-examination of Burke that included the details of the false narrative. See Hickey Trial Tr. 1643-48 (11/26/2019).

- And finally, defense counsel's extensive cross-examination of Hickey, concerning the creation of the false narrative by McPartland, and the timing of Hickey's disclosures to the government. See Hickey Cross-Examination Trial Tr. 1954-58 (12/02/2019), and 1980-94 (12/03/2019).

In sum, this Court has heard extensive trial testimony from Hickey; has observed his demeanor; and has assessed his credibility during the course of multiple trial days last year. Hickey's credible, sworn testimony, which withstood cross-examination from the defense on the very same topics they now seek to cross him on at a *Fatico* hearing,

2

clearly provides sufficient evidence in support of the PSR's factual recitation and related sentencing enhancements. Moreover, this testimony was clearly credited by the trial jury. Accordingly, defendant McPartland's request for a post-trial sentencing hearing should be denied.

                                            Respectfully submitted,

                                            SETH D. DuCHARME
                                            Acting United States Attorney

By:    /s/
                                            Nicole Boeckmann
                                            Lara Treinis Gatz
                                            Justina L. Geraci
                                            Michael R. Maffei
                                            Assistant U.S. Attorneys
                                            (631) 715-7855/7913/7835/7890

cc:     Larry Krantz, Esq. (via email)
        Alan Vinegrad, Esq. (via email)