

Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell

Writer's E-mail
lkrantz@krantzberman.com

October 14, 2020

By ECF

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re:    <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

      We write in response to the government's October 13, 2020 letter, in which it takes the position that Mr. McPartland should be denied the sentencing hearing to which he is plainly entitled as a matter of due process. By adopting this ill-conceived position, the government attempts to shield from scrutiny evidence establishing that James Hickey testified on direct examination to critical events as to Mr. McPartland that are nowhere reflected in the notes of 17 government interviews conducted in his first four years of cooperation, or in the notes of his own lawyer, and (2) Hickey testified falsely -- on cross-examination -- when he claimed that he had informed the government of these allegations at "the very beginning of his cooperation." Tr. at 1956:4-8. The facts and circumstances surrounding this key testimony are critical to assessing the credibility of these allegations, and therefore, to determining the scope of Mr. McPartland's involvement in the alleged offense and the applicability of certain sentencing enhancements. It is only through a sentencing hearing that those facts and circumstances may properly and fairly be determined by the Court, and a fair and just sentence imposed (in the event that our post-trial motion is denied).

      In its letter seeking to foreclose a hearing, the government misses the point entirely. It claims that (1) Mr. McPartland is seeking "another bite at the proverbial apple," (2) Mr. McPartland seeks "another opportunity to cross-examine" Hickey, and (3) the disputed testimony has already been "credited" by the jury. The government is wrong, on all counts.

      **First**, this application is not an attempt at a "second bite at the apple." A trial and a sentencing proceeding are entirely separate events, and the defendant is entitled to due process at both stages of the proceedings. As the Second Circuit stated in *United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir. 1987):

747 Third Avenue  32nd Floor  New York, New York 10017-2803  Telephone 212.661.0009  Fax 212.355.5009
140 Grand Street  Suite 705  White Plains, New York 10601-4831  Telephone 914.949.3909
www.krantzberman.com

> A convicted defendant at sentencing has a right to challenge the accuracy of the government's proffered facts regarding his participation in the sentence-enhancing crime. This right derives from an interest in ensuring reliability of information used at sentencing. To insure that reliability Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure requires that a defendant be able to challenge the government's proffer, which it submits to corroborate the presentence information before the court. We have previously observed that the defendant's challenge may take the form of countering affidavits, letters, or other written submissions; it may consist of the defendant and/or counsel, as in the instant case, directing argument and comment to the court; there may simply be a cross-examination of witnesses, or a full-blown evidentiary hearing. *Whatever form the defendant's challenge to the government's proffer takes, the district court must ensure that the defendant has an effective opportunity to rebut allegations likely to affect the sentence.* (citations omitted; emphasis added)

Under this case law, Mr. McPartland clearly has the right to contest the facts set forth in the PSR, and the sentencing enhancements triggered by them. Further, he must be afforded an "effective opportunity" to do so, which in this case requires an evidentiary hearing where witnesses can be called and the relevant facts established. *Indeed, since the government has not even conceded that Hickey failed to make these allegations in his first four years of cooperation, and has stood mum on the circumstances that led Hickey's testimony to evolve as it did, there is no alternative but an evidentiary hearing to establish the relevant facts.*

Moreover, the government's claim that Mr. McPartland has lost this right because he went to trial and had an opportunity to cross-examine and call witnesses is wrong. A defendant has no obligation to elicit at trial all evidence he might later wish to rely on in opposing key allegations in the PSR. Indeed, the strategy considerations that go into the decision of whether to call witnesses, and what evidence to develop, are entirely different at trial than they are at a sentencing proceeding. For example, the defendant may simply choose at trial to rely on the presumption of innocence, rather than present evidence of his own. Or, the defendant may believe that certain evidence will be better understood by the judge at a sentencing hearing, as opposed to a jury at trial. The defendant cannot be forced into the Hobson's choice of presenting evidence at trial or risk losing the right to present it at sentencing. Thus, it would be a violation of due process to find – as the government urges -- that a defendant had waived his right to a sentencing hearing by failing to call certain witnesses at trial, or by cross-examining the government's witnesses there.

The government cites no case law supporting its erroneous position that Mr. McPartland has somehow lost his right to a sentencing hearing because he had an opportunity to cross-examination and call witnesses at trial. The government's reliance on *Ramos-Nunez v. United States,* 2019 WL 1300811 (S.D.N.Y. 2019), in opposing the hearing, shows only the lengths to which it is willing to go in opposing the hearing request. In *Ramos-Nunez* the court denied a *pro se* petition under Section 2255 claiming that trial counsel had been ineffective for *failing* to request a *Fatico* hearing as to drug quantity. The court denied the petition because, among many

2

other reasons, the defendant had provided no basis to believe that a *Fatico* hearing would have altered the result reached at sentencing. This decision obviously has no bearing here, where a sentencing has not already taken place, and where the defense has put forth more than sufficient facts to establish why a hearing is mandated and why the outcome of that hearing could well have a significant impact on the applicable guideline range and the sentence imposed.

**Second,** the defense is not seeking just "another opportunity" to cross-examine James Hickey. To be sure, the government is under no obligation even to call James Hickey as a witness at the requested sentencing hearing, as it may choose to rely on his trial testimony as its proof. That is certainly the government's right. But that right should not, and does not, limit the defense's right to call appropriate witnesses – including witnesses *who did not testify at trial* -- to challenge Hickey's testimony on these key points and thereby contest the allegations and enhancements in the PSR. Since it is the Court's obligation to "assure itself that the information upon which it relies when fixing sentence is reliable and accurate," *United States v. Prescott,* 920 F.2d 139, 143 (2d Cir. 1990), a sentencing hearing is plainly mandated.

**Third,** it is simply not true that the jury has already credited Hickey's testimony on the contested allegations and that the Court is therefore bound to adopt the factual allegations in the PSR. The jury returned a general verdict of guilt; it was not asked to render a special verdict as to the contested allegations here, and it made no such finding.

In sum, under the case law and basic principles of fairness, there is every reason for the Court to hold a sentencing hearing, to shine the light of day on the evolution of Hickey's testimony as to the contested allegations. A man's liberty is at stake, and he should be afforded due process to establish that certain key allegations in the PSR are inaccurate, and that certain sentencing enhancements that flow from those contested allegations are unwarranted. If the government can prevail at that hearing, it will have suffered no prejudice whatsoever. Conversely, if no hearing is held, the prejudice to Mr. McPartland may be incalculable.

We thank the Court for its consideration of this request.

Respectfully submitted,

Larry Krantz

cc: All counsel of record (By ECF)