UNITED STATES DISTRICT COURT　　　　　　　　　　　For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-
                                                   **ORDER**
                                                   17-CR-587 (JMA)

CHRISTOPHER MCPARTLAND, and
THOMAS J. SPOTA,

                       Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Defendant Christopher McPartland requests a sentencing hearing to explore factual allegations in his Presentence Report concerning witness James Hickey's testimony about the February 2013 and September 2013 meetings where McPartland coached Burke and they crafted a false narrative of the assault on Loeb. McPartland maintains that determining whether these meetings occurred as Hickey claimed is necessary to determine McPartland's criminal culpability as well as the applicability of certain Guidelines enhancements. McPartland does not identify what witnesses he seeks to call at this hearing, but his papers imply that he intends to call the agents who were present for Hickey's interviews and, potentially, the AUSAs and Hickey's counsel as well.

      A district court is "not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." United States v. Phillips, 431 F.3d 86, 93 (2d Cir. 2005) (quoting United States v. Slevin, 106 F.3d 1086, 1091 (2d Cir. 1996)). "All that is required is that the [C]ourt afford the defendant some opportunity to rebut the Government's allegations." Phillips, 431 F.3d at 93 (quoting Slevin, 106 F.3d at 1091).

After considering McPartland's arguments, I find that a sentencing hearing is not necessary here. I witnessed the entire trial, including Hickey's testimony and the defense's extensive and vigorous cross-examination of Hickey. Additionally, at sentencing, the Court has wide latitude to consider materials that McPartland maintains undermine Hickey's credibility, including: (1) the 302s; (2) the notes and documents prepared by the agents, Hickey's counsel, and Hickey himself; and (3) the search warrant applications cited in Defendants' Rule 33 Motion. Notably, in denying McPartland's claim in his Rule 33 motion that Hickey perjured himself, I found Hickey's testimony concerning the February 2013 meeting to be credible and I explained that I found this testimony credible even if, as Defendants maintain, Hickey never mentioned this meeting until his trial preparation sessions with the government after November 11, 2019.

McPartland has not shown that, absent a hearing, he will be denied an effective opportunity to rebut the allegations likely to affect this sentence. In both his sentencing submission and at his sentencing, McPartland will be able to rely on the evidence and testimony at trial and the other materials discussed above—all of which the Court will consider prior to sentencing him. See United States v. LaFontaine, 87 F. App'x 776, 780 (2d Cir.), cert. granted, judgment vacated on other grounds, 543 U.S. 801 (2004) ("Where, as here, the district court concluded that the defendant had ample opportunity at trial and in her sentencing submissions to rebut the government's allegations concerning role and loss amount, it was under no obligation to hold a Fatico hearing."); United States v. Guang, 511 F.3d 110, 122 (2d Cir. 2007) (rejecting argument that defendants were entitled to a Fatico hearing where "the district court stressed that it had heard extensive trial testimony, had observed the demeanor of the witnesses and assessed their credibility over a two-week trial. It had reviewed the submissions of all parties, as well as the presentence investigation report, and concluded that the challenged enhancements were warranted. Lin and

Shi had notice of the proposed enhancements, including the evidence upon which the enhancements were based, and had an opportunity to dispute the evidence.").

For the reasons set forth above, Defendants' motion for a new trial and request for a hearing is denied.

**SO ORDERED.**

Dated: December 3, 2020
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE