

Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*
Lisa A. Cahill
Wendy Gerstmann Powell

*Writer's E-mail*

lkrantz@krantzberman.com

TO BE FILED UNDER SEAL

November 12, 2019

By ECF and E-mail

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re: <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

The Government's letter dated November 11, 2019, regarding the Steve Levy investigation, proves only the outrageousness of its request and the depths to which it is willing to stoop to compensate for the lack of direct proof in this case. We respectfully submit that to allow the Levy testimony in evidence would eviscerate the defendants' right to a fair trial.

The government's letter makes it clear that Hickey had nothing whatsoever to do with the Levy investigation. He was not privy to the evidence against Levy or how that investigation came to be. He has no firsthand knowledge of how the resolution of the case came about. All he has is an after-the-fact rendition of some ▌▌▌▌▌▌▌▌▌▌▌ alleged facts from Burke, which rendition is rank hearsay. Indeed, surely that alleged rendition could not have been in furtherance of the conspiracy, as the Loeb assault did not even occur until more than a year after Burke's alleged description of the Levy case.

Accordingly, the testimony as to Burke's description is wholly inadmissible, and would deprive the defendants of their rights under the confrontation clause (because they cannot confront Burke) and the due process clause (right to a fair trial). ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Accordingly, the evidence must be excluded on hearsay grounds and under Rule 403.

Moreover, the evidence should be excluded on relevance grounds. The government claims that this evidence is admissible solely on Hickey's state of mind — well over a year later

NY: 1218526-1

747 Third Avenue   32nd Floor   New York, New York 10017-2803   Telephone 212.661.0009   Fax 212.355.5009
140 Grand Street   Suite 705   White Plains, New York 10601-4831   Telephone 914.949.3909
www.krantzberman.com

— to explain why he joined the conspiracy to cover up Burke's assault of Loeb. But Hickey's joining that conspiracy -- with Burke and the other officers in the interrogation room with Burke -- is a conceded fact. And it is also undisputed that Hickey joined that conspiracy, and took steps in furtherance of it, long *before* (even under his own account) he had ever even spoken with either of the defendants about the Loeb investigation. The proffered evidence thus has nothing whatsoever to do with whether the defendants corruptly obstructed the Loeb investigation – which is what this trial *should* be all about.

Thus, the notion that Hickey joined the conspiracy because of some distant memory about the defendants based on his second-hand knowledge of the Levy case stretches the notion of "state of mind" evidence beyond its breaking point. Moreover, any conceivable relevance on the question of Hickey's state of mind would clearly be outweighed by the danger of unfair prejudice ▮▮▮▮▮▮▮▮▮▮▮▮▮ Finally, the evidence is plainly cumulative at this point, as the Court has already allowed the government to make the exact same point — Hickey's purported fear of the defendants from collateral events having nothing to do with the Loeb investigation — through the admission of evidence concerning the Oliva and Cuff matters. As Mr. Vinegrad said in his letter to the Court yesterday: enough is enough.

The evidence should be excluded. Indeed, we respectfully submit that the government is yet again urging the Court to decimate the defendants' right to a fair trial.

Respectfully submitted,

Larry Krantz