

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:LTG:JLG/MRM
F. #2018R00279

*610 Federal Plaza*
*Central Islip, New York 11722*

March 25, 2020

**Filed Under Seal**

By Hand

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Christopher McPartland and Thomas J. Spota
                Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

      We write on behalf of the Government in the above captioned matter, as directed by the Court in its February 26, 2020 scheduling order. For the reasons set forth below, the Government respectfully requests that the Court unseal all of the sealed filings and oral argument transcripts in this matter, with the exception of two discrete categories of materials: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    A.  <u>Applicable Law</u>

      "The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." <u>United States v. Erie Cty. N.Y.</u>, 763 F.3d 235, 238-39 (2d Cir. 2014). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir. 1995) ("<u>Amodeo II</u>"). The Supreme Court has specifically held that the First Amendment provides "the press and general public [with] a constitutional right of access to criminal trials." <u>Globe</u>

Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 603 (1982). "[A]t the time when our organic laws were adopted, criminal trials both here and in England had long been presumptively open;" open criminal trials have "long been recognized as an indispensible [sic] attribute of an Anglo-American trial." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 569 (1980); see also United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") ("The common law right of public access to judicial documents is said to predate the Constitution.").

It is "well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014). Although "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access," an item is a "judicial document" if it is "relevant to the performance of the judicial function and useful in the judicial process." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting Amodeo I, 44 F.3d at 145) (internal quotation marks omitted). This qualified First Amendment right of access applies to certain pretrial criminal proceedings and filings. See Press-Enter. Co. v. Superior Court of California for Riverside Cty., 478 U.S. 1, 10 (1986) ("Press-Enterprise II") (pretrial hearings); United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989) (pretrial motions containing Title III material); Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987) ("New York Times I") (suppression hearing and motion); Application of The Herald Co., 734 F.2d 93, 99 (2d Cir. 1984) (suppression hearing); United States v. Martoma, 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014) (motion in limine). It also applies to documents submitted in judicial proceedings that themselves implicate the right of access. New York Times I, 828 F.2d at 114.

Applying these principles to determine whether sealing is appropriate in a particular case is a multi-step process. First, the court must determine whether the document is a "judicial document" to which a presumption of access would attach. See Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 166, 167 n. 15 (2d Cir. 2013). If it is a judicial document, the next step is to determine whether the presumption of access is the common law right of access or the more robust "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)). The common law right of access applies if the documents are judicial documents. Lugosch, 435 F.3d at 119. The First Amendment right of access applies if the Court determines: (1) that the documents "have historically been open to the press and general public" and that "public access plays a significant positive role in the functioning of the particular process in question" (the "experience and logic" approach); or (2) that the documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Id. at 120 (quoting Hartford Courant Co., 380 F.3d at 92, 93 (quotation omitted)).

If the documents at issue "are subject to a First Amendment right of access," then the court must determine "by 'specific, on the-record-findings [whether] higher values necessitate a narrowly tailored sealing.'" Erie Cty., 763 F.3d at 241, 243 (quoting Lugosch,

2

435 F.3d at 326). If the common law presumption of access attaches, the court must "determine the weight of the presumption and measure it against competing considerations." Id. at 241; see also Amodeo II, 71 F.3d at 1048-53. In any case in which some sealing of a judicial document is appropriate, the Second Circuit has directed that the court must determine whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." Amodeo II, 71 F.3d at 1053; see also IDT Corp. v. eBay, 709 F.3d 1220, 1224 (8th Cir. 2013).

Finally, "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." United States v. Martoma, 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014) (quoting Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)). With respect to public officials in particular, "[p]rivacy interests should be trumped when evoked to protect public officials from criticism." United States v. Huntley, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) (citing Garrison v. State of Louisiana, 379 U.S. 64, 73 n.9 (1964) ("Even the law of privacy ... recognizes severe limitations where public figures or newsworthy facts are concerned.")).

B. Analysis

███████████████████████████████████████

While the pretrial motions filings in this matter are, unquestionably, judicial documents to which the common law and First Amendment presumptions of access apply, the Government respectfully submits that the select portions of these filings (including certain exhibits attached to the filings) which contain or directly quote from the grand jury testimony of ████████████████ who ultimately did not become a trial witness, should be redacted prior to the public filings of these materials, and those portions should remain under seal.

Grand jury proceedings are traditionally conducted in secret. See Fed. R. Crim. P. 6(e). However, the secrecy is not absolute. It may be breached "preliminarily to or in connection with a judicial proceeding," id., such as this, by Court order. Indeed, a limited unsealing order was obtained in advance of the production of grand jury transcripts in this matter to the defense in connection with the Government's obligations pursuant to Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, and pursuant to the Jencks Act, 18 U.S.C. § 3500; and these materials were disclosed pursuant to a court-ordered stipulated protective order.

With respect to grand jury materials and testimony, the burden is on the party seeking disclosure to show a "particularized need" that outweighs the need for secrecy. United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978) (collecting cases). If the grand jury investigation is no longer active – as is the case here – any showing of need must be

3

"sufficient at least to override the generalized need for grand jury secrecy[1] and to shift the burden to the government to specify which portions of the grand jury minutes, if any, must remain secret in order to protect a legitimate interest of the government." Id. at 664.

Significantly, ███████ did *not* testify at trial in this matter. See Baker v. United States Steel Corp., 492 F.2d 1074 (2d Cir. 1974); Youngblood, 379 F.2d at 369 (grand jury testimony of adverse trial witness, on same subject as trial testimony, should be disclosed without a showing of particularized need). Therefore, absent a showing of a "particularized need" – and to date, the Government is unaware of any such showing by any party – the Government respectfully submits that any documents filed in this matter which contain ███████████████ should be redacted prior to their public filing, and those portions should remain under seal.[2]

███████████████████

███████████████████████████████
███████████████████████████████

---

[1] Generally, the only reason for continued secrecy that survives the conclusion of an investigation is "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." Moten, 582 F.2d at 663 (citations omitted). This interest is an important one, and no case in this Circuit has ever held that the secrecy of the grand jury must be breached, even when this is the only interest being protected, unless a showing of particularized need has been made; *except* in the case of a grand jury witness who is to testify at trial. See United States v. Youngblood, 379 F.2d 365, 370 (2d Cir. 1967), where the Court also recognized that the particularized need standard does not limit the discretion of the district courts to order disclosure when a lesser showing has been made.

[2] The Government has identified the following documents which contain ███████████ testimony, or the substance of it (and which appear to have already been redacted as filed): (1) the defendants' Memorandum of Law in Support of the Defendants' Joint Supplemental Pre-Trial Motions, dated August 30, 2019; (2) Exhibits A, B, C, D, and E attached to that motion; (3) the Government's Memorandum of Law in Opposition to the Defendants' Joint Supplemental Pre-Trial Motions, dated September 18, 2919; and (4) the defendants' Reply Memorandum of Law in Further Support of the Defendants' Joint Supplemental Pre-Trial Motions, dated September 27, 2019.

███████████████

"[T]he privacy interests of innocent third parties … that may be harmed by disclosure ... should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." New York Times I, 828 F.2d at 116.

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

Amodeo II, 71 F.3d at 1051; ███████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████████████ should be redacted prior to their public filing, and those portions should remain under seal.[5]

                                                      Respectfully submitted,

                                                      RICHARD P. DONOGHUE
                                                      United States Attorney

By:    /s/_____
        Nicole Boeckmann
        Lara Treinis Gatz
        Justina L. Geraci
        Michael R. Maffei
        Assistant U.S. Attorneys
        (631) 715-7900

cc:     All Counsel of Record (By E-mail)

---

[5] The Government has identified two such documents: (1) the Government's Memorandum in Opposition to the Defendants' Motions In Limine, dated October 29, 2019; and (2) a letter dated November 11, 2019 from the Government to the Court.