UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

CHRISTOPHER MCPARTLAND, and
THOMAS J. SPOTA,

        Defendants.
------------------------------------------------------------------------X

For Online Publication Only

ORDER
17-CR-587 (JMA)

**FILED
CLERK
10:25 am, Oct 15, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Defendants Thomas Spota and Christopher McPartland were each convicted at trial of witness tampering, conspiracy to tamper with witnesses, obstruction of justice, and of being an accessory after the fact. On August 10, 2021, Defendants were each sentenced to five years in prison. They have both filed motions seeking bail pending appeal.

Defendants are unlikely to flee, pose no danger to the community, and their appeals are not for the purpose of delay. Accordingly, resolving their motions for bail pending appeal turns on whether their appeals "raise[] a substantial question of law or fact likely to result in . . . reversal [or] an order for a new trial." 18 U.S.C. § 3143(b)(1)(A)–(B).

A "substantial" question is "a 'close' question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). If the defendant raises a question that is "substantial," the court must "then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" Id. (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)).

1

Defendants assert that three issues they intend to raise on appeal raise substantial questions. The first two issues raised by Defendants concern this Court's evidentiary rulings. Defendants contend that the Court improperly allowed the Government to elicit testimony from witnesses that they feared retaliation from James Burke and Defendants and that this fear was a reason why they lied and participated in the obstruction conspiracy. Relatedly, Defendants challenge the admission of evidence establishing the specific acts by Burke and Defendants which were known to these witnesses and were the basis for their professed fears. Some of the acts at issue were committed solely by Burke and there was no direct evidence that Defendants participated in, or were aware of, these acts. For other acts at issue, including the John Oliva wire/prosecution and the prosecution of Pat Cuff's son, there was evidence of Defendants' participation along with Burke. Defendants also challenge the admission of other evidence concerning Burke's "bad acts," including, inter alia, evidence about the 1993 incident involving Lowrita Rickenbacker and the details of Burke's "party bag," which Christopher Loeb stole, along with other items, from Burke's car.

The Court previously set out the rationales for its evidentiary rulings in pre-trial rulings and during trial. The Court considered the particulars of the testimony from the police officer witnesses and curtailed it in various respects. The Court also invited the defense to propose any relevant limiting instructions and gave limiting instructions during trial and in the final charge to the jury.

To succeed on appeal, Defendants would have to establish that the evidentiary rulings at issue constituted an abuse-of-discretion. District judges "are entrusted with considerable discretion when deciding which evidence to admit or exclude at trial." United States v. Dawkins, 999 F.3d 767, 788 (2d Cir. 2021). The Second Circuit will reverse a conviction "for an abuse of

discretion only when an evidentiary ruling is 'manifestly erroneous' or 'arbitrary and irrational.'" Id. Moreover, "[a] district court's decision to admit evidence is subject to harmless error analysis." United States v. Delgado, 971 F.3d 144, 153 (2d Cir. 2020).

None of the evidentiary rulings at issue—whether viewed individually or collectively—present a "substantial question of law or fact likely to result in . . . an order for a new trial."

As Defendants' papers point out, the Second Circuit has, of course, reversed convictions on the basis of erroneous evidentiary rulings. The decisions cited by Defendants, however, are simply not comparable to this case and do not show that a substantial question exists here. The evidentiary issues raised by Defendants do not present substantial questions for appeal.

While the first two appellate arguments raised by Defendants broadly attack numerous evidentiary rulings, Defendants' third appellate argument is more circumscribed and narrow. Defendants, citing United States v. GAF Corp., 928 F.2d 1253 (2d Cir. 1991), assert that a substantial question exists because the Court refused to inform the jury that the Government did not list Emily Constant as a co-conspirator when it provided a list of co-conspirators to the defense prior to trial. Defendants maintain that such disclosure to the jury was required because the Government allegedly changed its position on this issue in its opening summation argument which, according to Defendants, painted Constant as a co-conspirator. This does not present a substantial question on appeal. The Government did not identify Constant as a co-conspirator in its opening summation argument. (See Tr. 3299–3300 "Emily Constant denies knowing Burke was guilty. I submit to you she didn't want to know. . . . She did not want to know."). Moreover, to the extent the Government's opening summation contained any ambiguity on this point, the Government made clear in it its rebuttal summation that it was not arguing that Constant was a co-conspirator. (See Tr. 3565 ("She's not a coconspirator.  She didn't want to know.  She didn't ask any

3

questions."); see also Tr. 3561 ("And now they are suggesting that we are calling her a conspirator. There is nothing in this trial that shows anything other than Ms. Constant was merely present at those two meetings.").) This is not a substantial issue for appeal.

Accordingly, Defendants' motion for bail pending appeal is denied.

Finally, at sentencing, the Court set McPartland's surrender date for November 10, 2021 and Spota's surrender date for December 10, 2021. McPartland has requested a 30-day extension of his surrender date. That request is granted. Both McPartland and Spota must surrender by December 10, 2021.

**SO ORDERED.**

Dated: October 15, 2021
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE