KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman

Hugh D. Sandler
*Counsel*

Nicolas J. Rovner

*Of Counsel*

Lisa A. Cahill
Wendy Gerstmann Powell

———

Writer's E-mail

lkrantz@krantzberman.com

December 6, 2021

<u>By ECF</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   <u>United States v. Christopher McPartland, et al., 17-cr-0587 (JMA)</u>

Dear Judge Azrack:

We write on behalf of Chris McPartland, to request once again your assistance in connection with his BOP designation. As the Court is aware, Mr. McPartland's surrender date is December 10, 2021.

As we previously advised the Court, Mr. McPartland was originally assigned to a *minimum* security facility in West Virginia: FCI Morgantown. This is the same as a "camp" facility, which was consistent with the Court's recommendation of a camp facility at sentencing (Lewisburg camp). We later learned that he had been re-designated to a Federal Corrections Institution (*non-camp facility*) in Texas: Beaumont Low. While Beaumont has an adjacent camp facility, that is *not* where Mr. McPartland has been assigned, and it is *not* where he will serve his time. We have confirmed all of the above facts with a correctional specialist who has been in contact with the BOP on Mr. McPartland's behalf.

Mr. McPartland's assignment to Beaumont, Texas seems unduly harsh. It will not only make for far more arduous conditions of confinement, but will also greatly impair the ability of his wife, children and elderly mother to visit him.

Accordingly, we wrote to the Court on October 20, 2021, and asked for a renewed judicial recommendation regarding his designation. In response, the Court was kind enough to issue a recommendation as follows:

The Court respectfully recommends that the BOP reconsider its designation of Mr. McPartland to Beaumont Low. The evidence in the case showed that Mr. McPartland played no role in the underlying assault, and was not aware of it until after it happened. There was no violence associated with Mr. McPartland's offenses of conviction, which involved principally obstruction of justice.

Accordingly, the Court recommends that Mr. McPartland be designated to a minimum security institution.

Additionally, the Court recommends that Mr. McPartland be designated closer to his home in New York so that his family can visit more easily.  The Court recommends designating him to the minimum security institutions at Lewisburg PA (the Court's original recommendation) or to Morgantown FCI (his original designation).  To the extent that a minimum security designation is not possible, the Court recommends either Allenwood Low, FCI Elkton in Ohio or Petersburg FCI in VA.

Unfortunately, even with the renewed judicial recommendation, the BOP has declined to change Mr. McPartland's designation.  Accordingly, we write this letter as a last-resort, to ask if the Court might be willing to speak to the BOP about Mr. McPartland's designation.  We of course recognize that the Court has no obligation to take this step, and that the Court's views on designation are not binding on the BOP, but we have nowhere else to turn.

If the Court is willing to make a call, we suggest that it be to the Manager of the BOP's Delta Team, which handles EDNY cases.  We are happy to provide the phone number to Chambers, if desired.

We greatly appreciate the Court's consideration of this request, which we realize asks the Court to go above and beyond anything it is legally obligated to do.

Respectfully submitted,

Larry Krantz

cc: All counsel of record (By ECF)

2