

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:LTG:JLG:MRM
F. #2018R00279

*610 Federal Plaza*
*Central Islip, New York 11722*

January 28, 2022

By ECF

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Christopher McPartland and Thomas J. Spota
                Criminal Docket No. 17-587 (JMA)

Dear Judge Azrack:

      We write on behalf of the Government in the above captioned matter, in response to the January 18, 2022 letter motion of Ronald Kuby, Esq., filed on behalf of Mr. Gus Garcia-Roberts (ECF Dkt. No. 300), to unseal the entirety of the two related matters captioned United States v. Anthony Leto, 15-CR-591 (JMA), and United States v. James Hickey, 16-CR-017 (JMA). For the reasons set forth below, the Government agrees that the Leto matter should be unsealed in its entirety, with the exception of the Government's October 8, 2021 sentencing letter; but respectfully submits that the Hickey matter remain entirely under seal, with the representation and assurance that the Government will move to unseal that matter at the appropriate juncture.

      As the Court is aware, both Leto and Hickey pleaded guilty pursuant to cooperation agreements with the Government, and, thereafter, testified in open court during the 2019 trial of defendants McPartland and Spota. Since that time, the Leto matter has concluded. However, the Hickey matter has not.

      The qualified First Amendment right of access should be abridged only where there is a higher value or compelling interest that will be significantly harmed by public access, and the sealing is narrowly tailored to protect that interest. Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 606-607 (1982); United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008). The more extensive a request for sealing, "the greater must be the gravity of the required interest and the likelihood of risk to that interest" to justify it. United States v.

Zazi, 2010 WL 2710605, at *2 (E.D.N.Y. June 30, 2010) (quoting Ayala v. Speckard, 131 F.3d 62, 70 (2d Cir. 1997)).

With respect to the Leto matter, as noted above, the Government respectfully submits that the entirety of the docket, including the plea allocution and sentencing transcripts, should be unsealed, except for one document – the Government's October 8, 2021 sentencing letter. Unsealing this letter, which details the nature and scope of Leto's cooperation, could irreparably damage the Government's ability to secure cooperation from similarly situated defendants now and in the future. United States v. Armstrong, 185 F.Supp.3d 332, 336-37 (E.D.N.Y. 2016) ("the government retains a unique interest in keeping documents relating to cooperation under seal even after a given investigation is completed. If we limit the government interest in protecting documents to a narrow interest in the secrecy of ongoing investigations, we fail to acknowledge how profoundly the federal criminal justice system relies on cooperators."). This limited sealing request is a narrowly tailored means of protecting this compelling interest, particularly because substantially all the information contained in the Government's sentencing letter is already (or will soon be) a matter of public record, having been discussed in open court at Leto's sentencing and during the trial of McPartland and Spota. See Armstrong, supra, at 338 ("while alternate sources of information lessen the government interest in secrecy, they also diminish the urgency of the public's need for the sealed materials."). The Government has conferred with counsel for Leto, Matin Emouna, Esq., who agrees with the Government's position set forth herein.

With respect to the still-ongoing Hickey matter, the Government respectfully requests that it remain entirely under seal until its completion, at which time the Government will confer with Hickey's counsel, Edward Sapone, Esq., and then advise the Court, in writing, of the Government's position on this issue. The Government anticipates that this will occur sometime later this year.

Therefore, for the reasons set for above, the Government respectfully submits that the Leto matter be unsealed, except for the Government's sentencing letter, which should remain under seal; and that the Hickey matter remain entirely under seal at this time.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Nicole Boeckmann
Lara Treinis Gatz
Justina L. Geraci
Michael R. Maffei
Assistant U.S. Attorneys
(631) 715-7855/7835/7890

cc: Matin Emouna, Esq.
     Edward V. Sapone, Esq.