# LAW OFFICE OF RONALD L. KUBY

Attorneys at Law
119 West 23rd Street, Suite 900
New York, New York 10011

Telephone: (212) 529-0223
Fax: (212) 529-0644
www.kubylaw.com

Ronald L. Kuby
Rhiya Trivedi

Of Counsel
George Wachtel
Leah Busby

Staff
Susan Bailey

Process Server
Luis R. Ayala 1952-2012

January 31, 2022

The Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York. 11722
Filed ECF

Re: United States v. Leto 15-CR-591 (JMA) and United States v. Hickey, 16-CR-587 (JMA).

Dear Judge Azrack:

Please accept this letter is lieu of a more formal reply to the Government's answer. Dkt. 303.

The Government embraces the proposition that proceedings before the Court are presumptively open; that the First Amendment provides a qualified right of access to all proceedings and documents; that such right may be abridged only upon a showing of a higher value or compelling interest that will be significantly harmed by disclosure; and that the wider and broader the secrecy desired, the greater the burden the Government has to justify it. Although the Government cites United States v. Armstrong, 185 F.Supp. 332 (E.D.N.Y. 2016), for a different purpose, Armstrong restates a litany of salutary and legal reasons as to why openness is the rule rather than the rare exception. Id. at 334-336.

Having asserted a clear and correct fundamental principle, the Government, in the filing on the docket, goes on to completely ignore its application to the facts, whatever they may be, of the pending Hickey case, stating "the Government respectfully requests that it remain entirely under seal until its completion…." Which will happen sometime in the next eleven months. Absent entirely is the proffer of reasons why *any* of proceedings in this case should remain under seal, let

alone while *all* of them should.  No justification is proffered.  All that is provided is the Government's request, utterly unmoored from the legal standards it claims to recognize in earlier paragraphs.[1]

To be sure, the Government has enjoyed a warm and mutually beneficial relationship with Leto and Hickey; two of Burke's henchpeople who betrayed their badges and oaths, engaged in a course of conduct of intimidation and extortion and, in the case of Leto, participated in a gang assault against an arrested individual.  It is exclusively up to this Court as to whether they have redeemed themselves, and to what extent, when the Court imposes its sentences.  But there is no provision, for even the most pitiable defendant, to have a private prosecution and a private sentencing.   Shielding such folx from public scrutiny may well be a benefit they would enjoy but it is not one permitted by the First Amendment.

Therefore, it is requested that the entire docket of the Hickey case be made public forthwith, subject to any application by the Government as to why specific matters should remain under seal, supported by legally-sufficient reasons and not *ipse dixit,* and why redaction of such matters from the relevant document is not sufficient to ameliorate the Government's concern.

As to the Leto docket, when "substantially all" of the information is made public, the Government's interest in protecting those materials no longer exists.  United States v. Leroux, 2020 WL 3051261 (S.D.N.Y. 6/8/2020)(Rejecting Armstrong and requiring the Government to submit redacted documents with an explanation "as to how those redactions are narrowly tailored to a compelling interest.").  The broad holding of Armstrong appears to be a bit of an outlier, as the Armstrong Court itself noted.  Armstrong, 185 F.Supp., at 337-338.

Respectfully submitted,

*/s/ Ronald L. Kuby*

Ronald L. Kuby

---

[1] We note that approximately 1/3 of page 2 of the Government's submission is blank, followed by page 3 which alludes to "the reasons set forth above."  Doc. 303, at 3.  We are left to guess whether this is a product of pagination or an ex parte submission filed in camera and under seal.  Arguing against the latter is 1) there is no indication on the docket or document that it contains material that has been redacted, 2) This Court did not issue any order permitting such a filing, and 3) The Government has made no public application for such a filing.  Of course, there comes a time when the exceptional becomes a habit.  We regard that as a bad thing.